07 CIV 8623

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Jack A. Raisner (JR 6171)
Rachel M. Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

GETMAN LAW OFFICE
Dan Getman (DG 4613)
Michael J.D. Sweeney (MS 7959)
Matthew Dunn (MD 1103)
Tara Bernstein (TB 7733)
9 Paradies Lane
New Paltz, New York 12561
Telephone: (845) 255-9370

OCT 0 4 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MICHAEL CLARK, individually and on behalf
all others similarly situated,

> Plaintiff,

v.

ECOLAB, INC.,

> Defendant.

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff Michael Clark ("Plaintiff"), individually and on behalf of all others similarly situated as class representative, by his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff is a current employee of Ecolab, Inc. ("Defendant"). He provides services on Defendant's business customers' premises.

2.      Plaintiff regularly worked in excess of 40 hours in a week for which Defendant did not pay him overtime at a rate of one and one-half his regular rate of pay.

3.      This case seeks to compel Defendant to pay Plaintiff and a class of similarly situated employees all of the wages they earned.

4.      By the conduct described in this Class Action Complaint, Defendant has violated the Fair Labor Standards Act ("FLSA"), and the wage and hour laws of California, by failing to pay its employees proper overtime compensation.  These violations arose out of Defendant's company-wide policies, and pattern or practice of violating wage and hour laws.

5.      Plaintiff brings individual and representative claims to remedy these violations. He brings his FLSA claims as a collective action, on his own behalf and on behalf of other similarly situated employees, under 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision, 29 U.S.C. § 216(b).

6.      Plaintiff also brings individual and representative wage claims under the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 218.5, 226, 226.7, 510, 512, 1174, 1174.5, and 1194, Cal. Wage Order No. 4, (collectively "California Wage Laws").

## THE PARTIES

### The Plaintiff

7.      Plaintiff Clark resides in Concord, California.

8.      Clark was employed by Defendant in California from approximately August 2003 through the present.

9.      Pursuant to Defendant's policy and pattern or practice, Clark regularly worked more than 40 hours per week for Defendant's benefit without overtime compensation.

### The Defendant

10.      Defendant Ecolab, Inc. is a Delaware corporation that develops and markets cleaning, pest control, and other maintenance products and services.  Its customers, located throughout the world, include hotels, restaurants, health and educational facilities, convenience

and grocery stores, commercial and institutional laundries, and car washes.

11.    Defendant's corporate headquarters are located at 370 Wabasha Street, St. Paul, Minnesota 55102.

12.    Upon information and belief, Defendant maintains control, oversight, and direction over the operation of the facilities and offices in which Plaintiff worked, including the payroll and other employment practices therein.

13.    On information and belief, Plaintiff performed work on behalf of Defendant in California.

14.    Defendant functioned as the "employer" of Plaintiff as that term is used in all relevant laws.

## JURISDICTION AND VENUE

15.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

16.    In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17.    The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

18.    At least one member of the proposed class is a citizen of a state different from that of Defendant.

19.    Plaintiff's claims involve matters of national or interstate interest.

20.    Upon information and belief, citizenship of the members of the proposed class and/or collective is dispersed among a substantial number of states.

21.    Upon information and belief, greater than two-thirds of the members of all

proposed plaintiff class and/or collective in the aggregate are not citizens of the same state.

22.      Upon information and belief, Defendant is subject to personal jurisdiction in New York.

23.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

24.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction in the Southern District of New York.

## CLASS ACTION ALLEGATIONS

### *The California Class*

25.      Michael Clark ("Plaintiff") brings the Second, Third, Fourth, and Fifth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who have worked for Defendant in California between October 3, 2003 and the date of final judgment in this matter in a non-supervisory capacity, who regularly performed services on the premises of Defendant's customers, and are not members of the class affected by the September 2007 California arbitration award against Defendant (the "California Class").

26.      Excluded from the California Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Class.

27.      The persons in the California Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to

4

Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

28.     Upon information and belief, the size of the California Class is at least 50 workers.

29.     Defendant acted or refused to act on grounds generally applicable to the California Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the California Class as a whole.

30.     The Second, Third, Fourth, and Fifth Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the California Class that predominate over any questions solely affecting individual members of the California Class, including but not limited to:

     a.     whether Defendant failed to keep true and accurate time records for all hours worked by the Plaintiff and the California Class;

     b.     what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

     c.     whether Defendant failed and/or refused to pay the Plaintiff and the California Class overtime pay for hours worked in excess of 40 hours per workweek and/or 8 hours per day;

     d.     the nature and extent of California Class-wide injury and the appropriate measure of damages for the California Class;

     e.     whether Defendant's policy of failing to pay overtime was instituted willfully or with reckless disregard of the law;

     f.     whether Defendant correctly calculated and compensated the Plaintiff and

the California Class for hours worked in excess of 40 per workweek;

g.    whether Defendant failed to provide the Plaintiff and the California Class with meal and rest periods in violation of California Labor Code § 512 and applicable wage order(s); and

h.    whether Defendant's policy and practice of failing to pay the Plaintiff and the California Class all wages due within the time provided by law violates California law.

31.    The claims of the Plaintiff are typical of the claims of the California Class he seeks to represent. The Plaintiff and the California Class members work or have worked for Defendant and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendant acted and refused to act on grounds generally applicable to the California Class, thereby making declaratory relief with respect to the California Class appropriate.

32.    The Plaintiff will fairly and adequately represent and protect the interests of the California Class. The Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the California Class to represent its interests fairly and adequately. The Plaintiff recognizes that as a class representative, he must represent and consider the interests of the California Class just as he would represent and consider his own interests. The Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the California Class. The Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the California Class. The Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in

their possession, and testify, if required, in a deposition and in trial.

33.     The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

34.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the California Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the California Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiff brings FLSA claims, the First Cause of Action, on behalf of himself and all similarly situated persons:

> who have worked for Defendant in a non-supervisory capacity between August 10, 2005 and the date of final judgment in this matter, who regularly performed services on the premises of Defendant's customers, drove vehicles of 10,000 pounds or less and were not required by Federal law to be placarded for hazardous materials, and are not members of the class affected by the September 2007 California arbitration award against Defendant (the "FLSA Collective").

36.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.  Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit

and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

37.     Upon information and belief, it was Defendant's willful policy and pattern or practice not to pay its employees, including Plaintiff, the California Class Members, and the FLSA Collective Members (collectively "Class Members"), an overtime premium for work that exceeded 40 hours in a week.

38.     Defendant's unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Class Members.

39.     Defendant was aware or should have been aware that the law required it to pay non-exempt employees, including Plaintiff and the Class Members, an overtime premium of time and one half for all work-hours it suffered or permitted in excess of 40 per workweek. Upon information and belief, Defendant applied the same unlawful policies and practices to workers nationwide.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act:  Unpaid Wages**
**On behalf of Plaintiff and the FLSA Collective**

40.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41.     Defendant engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

42.     At all times relevant, Plaintiff and the FLSA Collective were engaged in

commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

43.     The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and the FLSA Collective.

44.     Defendant was an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

45.     At all times relevant, Plaintiff and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

46.     Defendant employed Plaintiff and the FLSA Collective as an employer.

47.     Defendant failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

48.     Defendant failed to keep accurate records of time worked by Plaintiff and the FLSA Collective.

49.     Defendant's violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional.

50.     Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Collective.

51.     Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

52.     As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to

29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194
### On behalf of the Plaintiff and the CA Class Members

53.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54.    Defendant has engaged in a widespread pattern, policy, and practice of violating the California Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194, as detailed in this Class Action Complaint.

55.    California law requires employers, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week, or over eight per day.

56.    The Plaintiff and the California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

57.    Throughout the California Class Period, and continuing through the present, the Plaintiff and the California Class members worked in excess of eight hours in a workday and/or forty hours in a workweek.

58.    During the California Class Period, Defendant misclassified the Plaintiff and the California Class members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

59.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Plaintiff and the California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable

law.

## THIRD CAUSE OF ACTION
### California Record-Keeping Provisions Cal. Wage Order No. 4;
### Cal. Labor Code §§ 226, 1174, & 1174.5
### On behalf of the Plaintiff and the CA Class Members

60.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.     Defendant has engaged in a widespread pattern, policy, and practice of violating the California Labor Code § 226(a) and the IWC Wage Orders, as detailed in this Class Action Complaint.

62.     Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, hours worked, to the Plaintiff and California Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure caused injury to the Plaintiff and California Class members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.  At all times relevant herein, Defendant has failed to maintain records of hours worked by the Plaintiff and California Class members as required under Labor Code § 1174(d).

63.     The Plaintiff and California Class members are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

**FOURTH CAUSE OF ACTION**
**California Meal Period Provisions, Cal. Wage Order No. 4;**
**Cal. Labor Code §§ 218.5, 226.7, & 512**
**On behalf of the Plaintiff and the CA Class Members**

64.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65.     Defendant has engaged in a widespread pattern, policy, and practice of violating the California Labor Code §§ 218.5, 226.7 & 512 and Wage Order No. 4-2001, § 11(a), as detailed in this Class Action Complaint.

66.     The Plaintiff and California Class members regularly work and have worked in excess of five hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4-2001, § 11(a).

67.     As a result of Defendant's failure to afford proper meal periods, it is liable to the Plaintiff and the California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

**FIFTH CAUSE OF ACTION**
**Failure to Timely Pay Wages**
**Cal. Labor Code §§ 201, 202, 203**
**On behalf of the Plaintiff and the CA Class Members**

68.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69.     California Labor Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject

employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

70.     The California Class members who ceased employment with Defendant are entitled to unpaid compensation, but, upon information and belief, to date have not received such compensation.

71.     More than thirty days have passed since certain California Class members left Defendant's employ.

72.     As a consequence of Defendant's willful conduct in not paying proper compensation for all hours worked, the Plaintiff and California Class members whose employment ended during the four years preceding the filing of this Class Action Complaint are entitled to thirty days' wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action and that Defendant provide Plaintiff with names, addresses, telephone numbers, and other contact information, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit been employed by Defendant and who fall within the FLSA Collective described in this Class Action Complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages; and

       B.      Unpaid wages, an additional and equal amount as liquidated damages, prejudgment interest, attorneys' fees, costs (including expert fees), and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

       **WHEREFORE**, Plaintiff, on behalf of himself and all members of the California Class he seeks to represent, prays for the following relief:

       A.      Certification of this action as a class action;

       B.      Designation of Plaintiff as a Class Representative;

       C.      A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

       D.      Appropriate equitable and injunctive relief to remedy Defendant's violations of state law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

       E.      An award of damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by Defendant according to proof;

       F.      Pre-Judgment and Post-Judgment interest, as provided by law;

       G.      Such other injunctive and equitable relief as the Court may deem just and proper; and

       H.      Attorneys' fees and costs of suit, including expert fees and costs.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the Complaint.

Dated:      New York, New York
             October 4, 2007

Respectfully submitted,
**OUTTEN & GOLDEN LLP**
By:

Justin M. Swartz (JS 7989)

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Jack A. Raisner (JR 6171)
Rachel M. Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**GETMAN LAW OFFICE**
Dan Getman (DG 4613)
Michael J.D. Sweeney (MS 7959)
Matthew Dunn (MD 1103)
Tara Bernstein (TB 7733)
9 Paradies Lane
New Paltz, New York 12561
Telephone: (845) 255-9370

**Attorneys for Plaintiff and the Putative Class**