**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Jack A. Raisner (JR 6171)
Carmelyn P. Malalis (CM 3350)
Rachel M. Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**GETMAN LAW OFFICE**
Dan Getman (DG 4613)
Michael J.D. Sweeney (MS 7959)
Matthew Dunn (MD 1103)
Tara Bernstein (TB 7733)
9 Paradies Lane
New Paltz, New York 12561
Telephone: (845) 255-9370

RECEIVED
DEC 04 2007
U.S.D.C. S.D. N.Y.
CASHIERS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MICHAEL CLARK, DAVID STARKMAN, FRANCO DESIMONE, and JOHN DINISI, individually and on behalf all others similarly situated,

Plaintiffs,

v.

ECOLAB, INC.,

Defendant.

**FIRST AMENDED CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

**No. 07-8623 (DLC)**

Plaintiffs Michael Clark, David Starkman, Franco Desimone, and John Dinisi ("Plaintiffs"), individually and on behalf of all others similarly situated as class representatives, by their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs are current and former employees of Ecolab, Inc. ("Defendant"). As Ecolab employees, they provided services on Defendant's business customers' premises.

2. Plaintiffs regularly worked in excess of 40 hours in a week for which Defendant did not pay them overtime at a rate of one and one-half their regular rate of pay.

3. This case seeks to compel Defendant to pay Plaintiffs and classes of similarly situated employees all of the wages they earned.

4. By the conduct described in this First Amended Class Action Complaint, Defendant has violated the Fair Labor Standards Act ("FLSA"), and the wage and hour laws of California, New York, Washington, and Oregon by failing to pay its employees proper overtime compensation. These violations arose out of Defendant's company-wide policies, and pattern or practice of violating wage and hour laws.

5. Plaintiffs bring individual and representative claims to remedy these violations. All four Plaintiffs bring their FLSA claims as a collective action, on their own behalf and on behalf of other similarly situated employees, under 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision, 29 U.S.C. § 216(b).

6. Plaintiffs Clark, Starkman, and Desimone bring individual and representative wage claims as a class action pursuant to Fed. R. Civ. P. 23 under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*., ("UCL"), and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 218.5, 226, 226.7, 510, 512, 1174, 1174.5, and 1194, Cal. Wage Order No. 4, (collectively "California Wage Laws").

7. Plaintiff Dinisi brings individual and representative wage claims as a class action pursuant to Fed. R. Civ. P. 23 under the New York Labor Law Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142, (collectively "NYLL").

8. Plaintiff Desimone also brings individual and representative wage claims as a class action pursuant to Fed. R. Civ. P. 23 under the Washington Minimum Wage Act and related regulations, Wash. Rev. Code §§ 49.12.005, 49.46.010 *et. seq.*, & 49.52.070 (collectively

"Washington Wage Laws"), and the Oregon Wage and Hour Laws and related regulations, Or. Rev. Stat. §§ 653.010 *et. seq.*, (collectively "Oregon Wage Laws").

## THE PARTIES

***The Plaintiffs***

9. Plaintiff Clark resides in Concord, California.

10. Clark was employed by Defendant in California from approximately August 2003 through the present.

11. Pursuant to Defendant's policy and pattern or practice, Clark regularly worked more than 40 hours per week for Defendant's benefit without overtime compensation.

12. Plaintiff Starkman resides in Whittier, California.

13. Starkman was employed by Defendant in California from approximately August 2001 through February 2007.

14. Pursuant to Defendant's policy and pattern or practice, Starkman regularly worked more than 40 hours per week for Defendant's benefit without overtime compensation.

15. Plaintiff Dinisi resides in Amityville, New York.

16. Dinisi was employed by Defendant in New York from approximately August 2003 through September 2007.

17. Pursuant to Defendant's policy and pattern or practice, Dinisi regularly worked more than 40 hours per week for Defendant's benefit without overtime compensation.

18. Plaintiff Franco Desimone resides in Coeur D'Alene, Idaho.

19. Desimone was employed by Defendant in California, Washington, and Oregon from approximately June 2003 through the present.

20. Pursuant to Defendant's policy and pattern or practice, Desimone regularly

worked more than 40 hours per week for Defendant's benefit without overtime compensation.

***The Defendant***

21. Defendant Ecolab, Inc. is a Delaware corporation that develops and markets cleaning, pest control, and other maintenance products and services. Its customers, located throughout the world, include hotels, restaurants, health and educational facilities, convenience and grocery stores, commercial and institutional laundries, and car washes.

22. Defendant's corporate headquarters are located at 370 Wabasha Street, St. Paul, Minnesota 55102.

23. Upon information and belief, Defendant maintains an office at 1350 Broadway, New York, NY 10018.

24. Upon information and belief, Defendant maintains control, oversight, and direction over the operation of the facilities and offices in which Plaintiffs worked, including the payroll and other employment practices therein.

25. On information and belief, Plaintiffs performed work on behalf of Defendant in California, New York, Washington, and Oregon.

26. Defendant functioned as the "employer" of Plaintiffs as that term is used in all relevant laws.

**JURISDICTION AND VENUE**

27. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

28. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

29. The amount in controversy with respect to the proposed classes and/or collective

exceeds the sum or value of $5,000,000, exclusive of interest and costs.

30. At least one member of the proposed classes is a citizen of a state different from that of Defendant.

31. Plaintiffs' claims involve matters of national or interstate interest.

32. Upon information and belief, citizenship of the members of the proposed classes and/or collective is dispersed among a substantial number of states.

33. Upon information and belief, greater than two-thirds of the members of the proposed plaintiff classes and/or collective in the aggregate are not citizens of the same state.

34. Upon information and belief, Defendant is subject to personal jurisdiction in New York.

35. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

36. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant does business and maintains an office in the Southern District of New York.

## CLASS ACTION ALLEGATIONS

***The California Class***

37. Michael Clark, David Starkman, and Franco Desimone ("California Plaintiffs") bring the Second, Third, Fourth, Fifth, and Sixth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who have worked for Defendant in California between October 4, 2003 and the date of final judgment in this matter in a non-supervisory capacity, who regularly performed services on Defendant's business customers' premises, and are not members of the class affected by the September 2007 California arbitration award against Defendant (the "California Class").

38. Excluded from the California Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the California Class.

39. The persons in the California Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to California Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

40. Upon information and belief, the size of the California Class is at least 50 workers.

41. Defendant acted or refused to act on grounds generally applicable to the California Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the California Class as a whole.

42. The Second, Third, Fourth, Fifth, and Sixth Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the California Class that predominate over any questions solely affecting individual members of the California Class, including but not limited to:

a. whether Defendant failed to keep true and accurate time records for all hours worked by the California Plaintiffs and the California Class;

b. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c. whether Defendant failed and/or refused to pay the California Plaintiffs

and the California Class overtime pay for hours worked in excess of 40 hours per workweek and/or 8 hours per day;

d. the nature and extent of California Class-wide injury and the appropriate measure of damages for the California Class;

e. whether Defendant's policy of failing to pay overtime was willful or in reckless disregard of the law;

f. whether Defendant correctly calculated and compensated the California Plaintiffs and the California Class for hours worked in excess of 40 per workweek;

g. whether Defendant failed to provide the California Plaintiffs and the California Class with meal and rest periods in violation of California Labor Code § 512 and applicable wage order(s); and

h. whether Defendant's policy and practice of failing to pay the California Plaintiffs and the California Class all wages due within the time provided by law violates California law.

43. The claims of the California Plaintiffs are typical of the claims of the California Class they seek to represent. The California Plaintiffs and the California Class members work or have worked for Defendant and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendant acted and refused to act on grounds generally applicable to the California Class, thereby making declaratory relief with respect to the California Class appropriate.

44. The California Plaintiffs will fairly and adequately represent and protect the interests of the California Class. The California Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the California Class to represent its

interests fairly and adequately. The California Plaintiffs recognize that as class representatives, they must represent and consider the interests of the California Class just as they would represent and consider their own interests. The California Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the California Class. The California Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the California Class. The California Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

45. The California Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

46. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the California Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the California Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

***The New York Class***

47. John Dinisi ("New York Plaintiff") brings the Seventh Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who have worked for Defendant in New York in a non-supervisory capacity between August 10, 2005 and the date of final judgment in this matter, who regularly performed services on Defendant's business customers' premises, drove vehicles of 10,000 pounds or less and were not required by Federal law to be placarded for hazardous materials (the "New York Class").

48. Excluded from the New York Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

49. The persons in the New York Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to the New York Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

50. Upon information and belief, the size of the New York Class is at least 50 workers.

51. Defendant acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

52. The Seventh Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the

New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

a. whether Defendant failed to keep true and accurate time records for all hours worked by the New York Plaintiff and the New York Class;

b. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c. whether Defendant failed and/or refused to pay the New York Plaintiff and the New York Class overtime pay for hours worked in excess of 40 hours per workweek;

d. the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class;

e. whether Defendant's policy of failing to pay overtime was willful or in reckless disregard of the law;

f. whether Defendant correctly calculated and compensated the New York Plaintiff and the New York Class for hours worked in excess of 40 per workweek; and

g. whether Defendant's policy and practice of failing to pay the New York Plaintiff and the New York Class all wages due within the time provided by law violates New York law.

53. The claims of the New York Plaintiff are typical of the claims of the New York Class he seeks to represent. The New York Plaintiff and the New York Class members work or have worked for Defendant and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendant acted and refused to act on grounds generally applicable to the New York Class, thereby making declaratory relief with respect to the New York Class appropriate.

54. The New York Plaintiff will fairly and adequately represent and protect the interests of the New York Class. The New York Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. The New York Plaintiff recognizes that as a class representative, he must represent and consider the interests of the New York Class just as he would represent and consider his own interests. The New York Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the New York Class. The New York Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class. The New York Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

55. The New York Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

56. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is

superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

***The Washington Class***

57. Franco Desimone ("Washington Plaintiff") brings the Eighth Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who have worked for Defendant in Washington between October 4, 2004 and the date of final judgment in this matter in a non-supervisory capacity and who regularly performed services on Defendant's business customers' premises (the "Washington Class").

58. Excluded from the Washington Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Washington Class.

59. The persons in the Washington Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to the Washington Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

60. Upon information and belief, the size of the Washington Class is at least 50 workers.

61. Defendant acted or refused to act on grounds generally applicable to the Washington Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Washington Class as a whole.

62. The Eighth Cause of Action is properly maintainable as a class action under

Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Washington Class that predominate over any questions solely affecting individual members of the Washington Class, including but not limited to:

a. whether Defendant failed to keep true and accurate time records for all hours worked by the Washington Plaintiff and the Washington Class;

b. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c. whether Defendant failed and/or refused to pay the Washington Plaintiff and the Washington Class overtime pay for hours worked in excess of 40 hours per workweek;

d. the nature and extent of Washington Class-wide injury and the appropriate measure of damages for the Washington Class;

e. whether Defendant's policy of failing to pay overtime was willful or in reckless disregard of the law;

f. whether Defendant correctly calculated and compensated the Washington Plaintiff and the Washington Class for hours worked in excess of 40 per workweek; and

g. whether Defendant's policy and practice of failing to pay the Washington Plaintiff and the Washington Class all wages due within the time provided by law violates Washington law.

63. The claims of the Washington Plaintiff are typical of the claims of the Washington Class he seeks to represent. The Washington Plaintiff and the Washington Class members work or have worked for Defendant and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendant acted and refused to act on grounds generally applicable to the Washington Class,

thereby making declaratory relief with respect to the Washington Class appropriate.

64. The Washington Plaintiff will fairly and adequately represent and protect the interests of the Washington Class. The Washington Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the Washington Class to represent its interests fairly and adequately. The Washington Plaintiff recognizes that as a class representative, he must represent and consider the interests of the Washington Class just as he would represent and consider his own interests. The Washington Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Washington Class. The Washington Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Washington Class. The Washington Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

65. The Washington Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

66. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Washington Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Washington Class are not *de minimis*, such damages are small compared to the

expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

***The Oregon Class***

67. Franco Desimone ("Oregon Plaintiff") brings the Ninth Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who have worked for Defendant in Oregon between October 4, 2005 and the date of final judgment in this matter in a non-supervisory capacity and who regularly performed services on Defendant's business customers' premises (the "Oregon Class").

68. Excluded from the Oregon Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Oregon Class.

69. The persons in the Oregon Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Oregon Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

70. Upon information and belief, the size of the Oregon Class is at least 50 workers.

71. Defendant acted or refused to act on grounds generally applicable to the Oregon Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Oregon Class as a whole.

72. The Ninth Cause of Action is properly maintainable as a class action under

Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Oregon Class that predominate over any questions solely affecting individual members of the Oregon Class, including but not limited to:

a. whether Defendant failed to keep true and accurate time records for all hours worked by the Oregon Plaintiff and the Oregon Class;

b. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c. whether Defendant failed and/or refused to pay the Oregon Plaintiff and the Oregon Class overtime pay for hours worked in excess of 40 hours per workweek;

d. the nature and extent of Oregon Class-wide injury and the appropriate measure of damages for the Oregon Class;

e. whether Defendant's policy of failing to pay overtime was willful or in reckless disregard of the law;

f. whether Defendant correctly calculated and compensated the Oregon Plaintiff and the Oregon Class for hours worked in excess of 40 per workweek.; and

g. whether Defendant's policy and practice of failing to pay the Oregon Plaintiff and the Oregon Class all wages due within the time provided by law violates Oregon law.

73. The claims of the Oregon Plaintiff are typical of the claims of the Oregon Class he seeks to represent. The Oregon Plaintiff and the Oregon Class members work or have worked for Defendant and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendant acted and refused to act on grounds generally applicable to the Oregon Class, thereby making declaratory relief

with respect to the Oregon Class appropriate.

74. The Oregon Plaintiff will fairly and adequately represent and protect the interests of the Oregon Class. The Oregon Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the Oregon Class to represent its interests fairly and adequately. The Oregon Plaintiff recognizes that as a class representative, he must represent and consider the interests of the Oregon Class just as he would represent and consider his own interests. The Oregon Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Oregon Class. The Oregon Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Oregon Class. The Oregon Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

75. The Oregon Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

76. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Oregon Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Oregon Class are not *de minimis*, such damages are small compared to the

expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

**COLLECTIVE ACTION ALLEGATIONS**

77. All Plaintiffs bring FLSA claims, the First Cause of Action, on behalf of themselves and all similarly situated persons:

> who have worked for Defendant in a non-supervisory capacity between August 10, 2005 and the date of final judgment in this matter, who regularly performed services on Defendant's business customers' premises, drove vehicles of 10,000 pounds or less and were not required by Federal law to be placarded for hazardous materials, and are not members of the class affected by the September 2007 California arbitration award against Defendant (the "FLSA Collective").

78. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective. Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

**CLASS-WIDE FACTUAL ALLEGATIONS**

79. Upon information and belief, it was Defendant's willful policy and pattern or practice not to pay its employees, including Plaintiffs, the California Class Members, the New York Class Members, the Washington Class Members, the Oregon Class Members, and the FLSA Collective Members (collectively "Class Members"), an overtime premium for work that exceeded 40 hours in a week.

80. Defendant's unlawful conduct, as set forth in this First Amended Class Action

Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the Class Members.

81. Defendant was aware or should have been aware that the law required it to pay non-exempt employees, including Plaintiffs and the Class Members, an overtime premium of time and one half for all work-hours it suffered or permitted in excess of 40 per workweek. Upon information and belief, Defendant applied the same unlawful policies and practices to workers nationwide.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act: Unpaid Wages**
**On behalf of Plaintiffs and the FLSA Collective**

82. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

83. Defendant engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this First Amended Class Action Complaint.

84. At all times relevant, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

85. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiffs and the FLSA Collective.

86. Defendant was an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

87. At all times relevant, Plaintiffs and the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

88. Defendant employed Plaintiffs and the FLSA Collective as an employer.

89. Defendant failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

90. Defendant failed to keep accurate records of time worked by Plaintiffs and the FLSA Collective.

91. Defendant's violations of the FLSA, as described in this First Amended Class Action Complaint, have been willful and intentional.

92. Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and the FLSA Collective.

93. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

94. As a result of Defendant's violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**California Wage Laws: Unpaid Overtime**
**On behalf of the California Plaintiffs and the CA Class Members**

95. The California Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

96. Defendant has engaged in a widespread pattern, policy, and practice of violating the overtime provisions of the California Wage Laws, as detailed in this First Amended Class Action Complaint.

97. California law requires employers, such as Defendant, to pay overtime

compensation to all non-exempt employees for all hours worked over forty per week, or over eight per day.

98. The California Plaintiffs and the California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

99. Throughout the California Class Period, and continuing through the present, the California Plaintiffs and the California Class members worked in excess of eight hours in a workday and/or forty hours in a workweek.

100. During the California Class Period, Defendant misclassified the California Plaintiffs and the California Class members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

101. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Plaintiffs and the California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**<u>THIRD CAUSE OF ACTION</u>**
**California Wage Laws: Record-Keeping Violations**
**On behalf of the California Plaintiffs and the CA Class Members**

102. The California Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

103. Defendant has engaged in a widespread pattern, policy, and practice of violating the record-keeping provisions of the California Wage Laws, as detailed in this First Amended Class Action Complaint.

104. Defendant knowingly and intentionally failed to provide timely, accurate,

itemized wage statements including, inter alia, hours worked, to the California Plaintiffs and California Class members in accordance with California Labor Code § 226(a) and the IWC Wage Orders. Such failure caused injury to the California Plaintiffs and California Class members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled. At all times relevant herein, Defendant has failed to maintain records of hours worked by the California Plaintiffs and California Class members as required under California Labor Code § 1174(d).

105. The California Plaintiffs and California Class members are entitled to and seek injunctive relief requiring Defendant to comply with California Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under California Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

**FOURTH CAUSE OF ACTION**
**California Wage Laws: Meal Break Violations**
**On behalf of the California Plaintiffs and the CA Class Members**

106. The California Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

107. Defendant has engaged in a widespread pattern, policy, and practice of violating the meal break provisions of the California Wage Laws, as detailed in this First Amended Class Action Complaint.

108. The California Plaintiffs and California Class members regularly work and have worked in excess of five hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by California Labor Code §§ 226.7 and 512 and

Wage Order No. 4-2001, § 11(a).

109. As a result of Defendant's failure to afford proper meal periods, it is liable to the California Plaintiffs and the California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

## FIFTH CAUSE OF ACTION
**California Wage Laws: Untimely Wage Payments**
**On behalf of the California Plaintiffs and the CA Class Members**

110. The California Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

111. California Labor Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

112. The California Class members who ceased employment with Defendant are entitled to unpaid compensation, but, upon information and belief, to date have not received such compensation.

113. More than thirty days have passed since certain California Class members left Defendant's employ.

114. As a consequence of Defendant's willful conduct in not paying proper compensation for all hours worked, the California Plaintiffs and California Class members whose employment ended during the four years preceding the filing of this First Amended Class Action Complaint are entitled to thirty days' wages under California Labor Code § 203, together

with interest thereon, and attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**
**California Unfair Competition Law (UCL)**
**On behalf of the California Plaintiffs and the CA Class Members**

115. The California Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

116. Defendant has engaged in a widespread pattern, policy, and practice of violating the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*., as detailed in this First Amended Class Action Complaint.

117. Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

118. Beginning at a date unknown to the California Plaintiffs, but at least as long ago as October 4, 2003, Defendant committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured the California Plaintiffs and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to the California Plaintiffs and to the California Class.

119. Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

a. California Labor Code § 1194;

b. California Labor Code §§ 201, 202, 203, 204, and 226;

c. California Labor Code § 1174; and

d. California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

120. Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

121. The unlawful and unfair business practices and acts of Defendant, described above, have injured the California Class members in that they were wrongfully denied the payment of earned overtime wages.

122. The California Plaintiffs, on behalf themselves and the California Class members, seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

123. The California Plaintiffs, on behalf of themselves and the California Class, seek restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day.

**SEVENTH CAUSE OF ACTION**
**New York Labor Law: Unpaid Wages**
**On behalf of the New York Plaintiff and the New York Class Members**

124. The New York Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

125. Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this First Amended Class Action Complaint.

126. At all times relevant the New York Plaintiff and the members of the New York Class have been employees and Defendant has been an employer within the meaning of the NYLL. The New York Plaintiff and the members of the New York Class are covered by the NYLL.

127. Defendant employed the New York Plaintiff and the New York Class Members as an employer.

128. Defendant failed to pay the New York Plaintiff and the New York Class Members wages to which they are entitled under NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142. Defendant failed to pay the New York Plaintiff and the New York Class Members overtime at a wage rate of one and one-half times their regular rate of pay.

129. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New York Plaintiff and the New York Class Members.

130. Defendant's violations of the NYLL, as described in this First Amended Class Action Complaint, have been willful and intentional.

131. Due to Defendant's violations of the NYLL, the New York Plaintiff and the New York Class Members are entitled to recover from Defendant their unpaid wages (including

overtime wages), reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

132. The New York Plaintiff does not seek NYLL liquidated damages individually or on behalf of the New York Class Members.

**EIGHTH CAUSE OF ACTION**
**Washington Wage Laws: Unpaid Wages**
**On behalf of the Washington Plaintiff and the Washington Class Members**

133. The Washington Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

134. Defendant has engaged in a widespread pattern, policy, and practice of violating the Washington Wage Laws, as detailed in this First Amended Class Action Complaint.

135. At all times relevant, the Washington Plaintiff and the members of the Washington Class have been employees and Defendant has been an employer within the meaning of the Washington Wage Laws. The Washington Plaintiff and the members of the Washington Class are covered by the Washington Wage Laws.

136. Defendant employed the Washington Plaintiff and the Washington Class Members as an employer.

137. At all times relevant, Defendant had a policy and practice of willfully failing and refusing to pay overtime pay to the Washington Plaintiff and the Washington Class Members for their hours worked in excess of forty hours per week.

138. Wash. Admin. Code § 296-126-050 requires employers to keep, and to furnish on request, records of each employee's hours worked and wages earned. Defendant's failure to keep and furnish on request the required records of hours worked for the Washington Plaintiff and the Washington Class Members was and is willful, knowing, and intentional. Allowing

Defendant's record-keeping violations to continue would be a gross injustice to the Washington Plaintiff and the Washington Class Members, and all future employees of Defendant in Washington.

139. The Washington Plaintiff, on behalf of himself and the Washington Class Members, seeks recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by Washington law.

140. The Washington Plaintiff, on behalf of himself and the Washington Class Members, seeks damages in the amount of twice the respective unpaid wages earned and due at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, less any such wages paid, as provided by Wash. Rev. Code § 49.52.070, and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

**NINTH CAUSE OF ACTION**
**Oregon Wage Laws: Unpaid Wages**
**On behalf of the Oregon Plaintiff and the Oregon Class Members**

141. The Oregon Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

142. Defendant has engaged in a widespread pattern, policy, and practice of violating the Oregon Wage Laws, as detailed in this First Amended Class Action Complaint.

143. At all times relevant, the Oregon Plaintiff and the members of the Oregon Class have been employees and Defendant has been an employer within the meaning of the Oregon Wage Laws. The Oregon Plaintiff and the members of the Oregon Class are covered by the Oregon Wage Laws.

144. Defendant employed the Oregon Plaintiff and the Oregon Class Members as an

employer.

145. At all times relevant, Defendant had a policy and practice of failing and refusing to pay overtime pay to the Oregon Plaintiff and the Oregon Class Members for their hours worked in excess of forty hours per week.

146. Defendant also failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Oregon Plaintiff and the Oregon Class Members.

147. Defendant's violations of the Oregon Wage Laws, as described in this First Amended Class Action Complaint, have been willful and intentional.

148. Due to Defendant's violations of the Oregon Wage Laws, the Oregon Plaintiff and the Oregon Class Members are entitled to recover from Defendant their unpaid wages for one year prior to the commencement of this action, an equal amount as liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

149. In addition to the above recovery, Or. Rev. Stat. § 653.055 provides that if an employer willfully fails to pay an employee less than the wages to which the employee is entitled under the Oregon Wage Laws and the employee's employment ceases, the employer must continue to pay the subject employee's wages at the same hourly rate for eight hours per day until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

150. The Oregon Class members who ceased employment with Defendant are entitled to unpaid compensation, but, upon information and belief, to date have not received such compensation.

151. More than thirty days have passed since certain Oregon Class members left Defendant's employ.

152. As a consequence of Defendant's willful conduct in not paying proper compensation for all hours worked, the Oregon Plaintiff and Oregon Class members whose employment ended during the two years preceding the filing of this First Amended Class Action Complaint are entitled to thirty days' wages under Or. Rev. Stat. § 652.150.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action and that Defendant provide Plaintiffs with names, addresses, telephone numbers, and other contact information, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit been employed by Defendant and who fall within the FLSA Collective described in this First Amended Class Action Complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages; and

B. Unpaid wages, an additional and equal amount as liquidated damages, prejudgment interest, attorneys' fees, costs (including expert fees), and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**WHEREFORE**, each Plaintiff, on behalf of himself and all members of the Class he seeks to represent, prays for the following relief:

A. Certification of this action as a class action;

B. Designation of each named Plaintiff as Class Representative;

C. A declaratory judgment that the practices complained of herein are

unlawful under appropriate state law;

D. Appropriate equitable and injunctive relief to remedy Defendant's violations of state law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E. An award of damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by Defendant according to proof;

F. Pre-Judgment and Post-Judgment interest, as provided by law;

G. Such other injunctive and equitable relief as the Court may deem just and proper; and

H. Attorneys' fees and costs of suit, including expert fees and costs.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the First Amended Class Action Complaint.

Dated: New York, New York
December 4, 2007

Respectfully submitted,
**OUTTEN & GOLDEN LLP**
By:

Justin M. Swartz (JS 7989)

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Jack A. Raisner (JR 6171)
Carmelyn P. Malalis (CM 3350)
Rachel M. Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016

Telephone: (212) 245-1000

**GETMAN LAW OFFICE**
Dan Getman (DG 4613)
Michael J.D. Sweeney (MS 7959)
Matthew Dunn (MD 1103)
Tara Bernstein (TB 7733)
9 Paradies Lane
New Paltz, New York 12561
Telephone: (845) 255-9370

**Attorneys for Plaintiffs and the Putative Class**