**LITTLER MENDELSON, P.C.**
885 Third Avenue, 16th Floor
New York, New York  10022-4834
212.583.9600

Counsel for Defendant
ECOLAB INC.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CIVIL ACTION NO. 07-8623 (DLC)

MICHAEL CLARK, DAVID STARKMAN,
FRANCO DESIMONE, and JOHN DINISI,
individually and on behalf of all other similarly
situated employees,

        Plaintiffs,

v.

ECOLAB, INC.,

        Defendant.

_____/

## DEFENDANT'S ANSWER AND STATEMENT OF
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant ECOLAB INC. (improperly identified in the pleadings as "Ecolab, Inc."  and

hereinafter referred to as "Defendant" or "Ecolab"), by and through its undersigned counsel,

hereby files this Answer and Statement of Affirmative Defenses to the First Amended Class

Action Complaint ("First Amended Complaint") of Plaintiffs above-named ("Plaintiffs"), and,

responding to the correspondingly numbered paragraphs of the First Amended Complaint, states

as follows:

## NATURE OF THE ACTION

1.       Defendant denies the allegations contained in paragraph 1 of the First Amended Complaint.

2.       Defendant denies the allegations contained in paragraph 2 of the First Amended Complaint.

3.       Defendant admits that Plaintiffs purport to seek damages in the form of wages under various statutes; denies that Plaintiffs are entitled to such damages or any relief whatsoever; and denies the remaining allegations contained in paragraph 3 of the First Amended Complaint.

4.       Defendant denies the allegations contained in paragraph 4 of the First Amended Complaint

5.       Defendant admits that Plaintiffs purport to bring individual and representative claims under the Fair Labor Standards Act ("FLSA"); denies the substance of Plaintiffs' claims; and denies the remaining allegations contained in paragraph 5 of the First Amended Complaint.

6.       Defendant admits that Plaintiffs Clark, Starkman, and Desimone purport to bring individual and representative claims under California law; denies the substance of Plaintiffs' claims; and denies the remaining allegations contained in paragraph 6 of the First Amended Complaint.

7.       Defendant admits that Plaintiff Dinisi purports to bring individual and representative claims under New York law; denies the substance of Plaintiff Dinisi's claims; and denies the remaining allegations contained in paragraph 7 of the First Amended Complaint.

8.       Defendant admits that Plaintiff Desimone purports to bring individual and representative claims under Washington and Oregon law; denies the substance of Plaintiff Desimone's claims; and denies the remaining allegations contained in paragraph 8 of the First Amended Complaint.

## THE PARTIES

9.      Defendant admits, upon information and belief, the allegations contained in paragraph 9 of the First Amended Complaint.

10.     Defendant denies the allegations contained in paragraph 10 of the First Amended Complaint.

11.     Defendant denies the allegations contained in paragraph 11 of the First Amended Complaint.

12.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the First Amended Complaint, and accordingly, denies the same.

13.     Defendant admits that Plaintiff Starkman was employed at certain times by Ecolab in the State of California; and denies the remaining allegations contained in paragraph 13 of the First Amended Complaint.

14.     Defendant denies the allegations contained in paragraph 14 of the First Amended Complaint.

15.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the First Amended Complaint, and accordingly, denies the same.

16.     Defendant admits that Plaintiff Dinisi was employed at certain times by Ecolab in the State of New York; and denies the remaining allegations contained in paragraph 16 of the First Amended Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the First Amended Complaint.

18.    Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the First Amended Complaint, and accordingly, denies the same.

19.    Defendant denies the allegations contained in paragraph 19 of the First Amended Complaint.

20.    Defendant denies the allegations contained in paragraph 20 of the First Amended Complaint.

21.    Defendant admits that Ecolab is incorporated in the State of Delaware; admits that Ecolab provides cleaning, food safety and health protection products and services for the hospitality, foodservice, healthcare, and industrial markets worldwide; and denies the remaining allegations contained in paragraph 21 of the First Amended Complaint.

22.    Defendant admits the allegations contained in paragraph 22 of the First Amended Complaint.

23.    Defendant affirmatively alleges that it maintains an area office located at 1350 Broadway, in the City of New York, State of New York, that services its Institutional Division; and denies the remaining allegations contained in paragraph 23 of the First Amended Complaint.

24.    Defendant denies the allegations contained in paragraph 24 of the First Amended Complaint.

25.    Defendant denies the allegations contained in paragraph 25 of the First Amended Complaint.

26.    Defendant affirmatively states that the allegations contained in paragraph 26 of the First Amended Complaint state a conclusion of unspecified "laws" to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in paragraph 26 of the First Amended Complaint.

## JURISDICTION AND VENUE

27.     Defendant admits that Plaintiffs purport to allege this Court's subject-matter jurisdiction over their claims pursuant to federal law; denies the substance of Plaintiffs' claims; and denies the remaining allegations contained in paragraph 27 of the First Amended Complaint.

28.     Defendant admits that Plaintiffs purport to allege this Court's jurisdiction over their claims under the FLSA pursuant to federal law; denies the substance of Plaintiffs' claims; and denies the remaining allegations contained in paragraph 28 of the First Amended Complaint.

29.     Defendant denies the allegations contained in paragraph 29 of the First Amended Complaint.

30.     Defendant admits that Plaintiffs have proposed "classes" that may contain citizens of states different from that of Defendant's state of corporate citizenship; denies that Plaintiffs' proposed claims are appropriately pursued on behalf of Plaintiffs' proposed "classes"; and denies the remaining allegations contained in paragraph 30 of the First Amended Complaint.

31.     Defendant denies the allegations contained in paragraph 31 of the First Amended Complaint.

32.     Defendant admits that Plaintiffs have proposed "classes" that may contain citizens of different states; denies that Plaintiffs' proposed claims are appropriately pursued on behalf of Plaintiffs' proposed "classes"; and denies the remaining allegations contained in paragraph 32 of the First Amended Complaint.

33.     Defendant admits that Plaintiffs have proposed "classes" that may contain citizens of different states; denies that Plaintiffs' proposed claims are appropriately pursued on behalf of Plaintiffs' proposed "classes"; and denies the remaining allegations contained in paragraph 33 of the First Amended Complaint.

34.     Defendant admits the allegations contained in paragraph 34 of the First Amended Complaint.

35.     Defendant affirmatively alleges that the provisions of federal law, 28 U.S.C. §§ 2201 and 2202, speak for themselves; and denies the remaining allegations contained in paragraph 35 of the First Amended Complaint.

36.     Defendant admits that Plaintiffs purport to allege that venue is proper in the Southern District of New York; admits that Defendant does business in this District; denies that the claims alleged by Plaintiffs Clark and Disimone are appropriately venued in this District; affirmatively states that the claims alleged by Plaintiffs Starkman and Dinisi are appropriately joined to a related case currently pending in this District entitled *Masson v. Ecolab, Inc.*, Civil Action No. CV 04-4488 (S.D.N.Y.); and denies the remaining allegations contained in paragraph 36 of the First Amended Complaint.

## CLASS ACTION ALLEGATIONS

37.     Defendant admits that Plaintiffs Clark, Starkman, and Desimone purport to allege certain claims under California law on behalf of a purported class under Rule 23 of the Federal Rules of Civil Procedure; denies that such claims are appropriately alleged on behalf of such a class under Rule 23 or otherwise; and denies the remaining allegations contained in paragraph 37 of the First Amended Complaint.

38.     Defendant admits that Plaintiffs Clark, Starkman, and Desimone purport to exclude certain persons from their purported class under Rule 23 of the Federal Rules of Civil Procedure; denies that Plaintiffs' claims are appropriately alleged on behalf of any class whatsoever under Rule 23 or otherwise; and denies the remaining allegations contained in paragraph 38 of the First Amended Complaint.

39.     Defendant affirmatively states that the parameters of the purported class as defined by Plaintiffs Clark, Starkman, and Desimone are so vague that the number of persons belonging to such a class cannot reasonably be determined; denies that Plaintiffs' claims are appropriately alleged on behalf of any class whatsoever under Rule 23 or otherwise; and denies the remaining allegations contained in paragraph 39 of the First Amended Complaint.

40.     Defendant affirmatively states that the parameters of the purported class as defined by Plaintiffs Clark, Starkman, and Desimone are so vague that the number of persons belonging to such a class cannot reasonably be determined; denies that Plaintiffs' claims are appropriately alleged on behalf of any class whatsoever under Rule 23 or otherwise; and denies the remaining allegations contained in paragraph 40 of the First Amended Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of the First Amended Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of the First Amended Complaint, and further denies the allegations contained in each and every subpart of paragraph 42.

43.     Defendant denies the allegations contained in paragraph 43 of the First Amended Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the First Amended Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of the First Amended Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of the First Amended Complaint.

47.     Defendant admits that Plaintiff Dinisi purports to allege certain claims under New York law on behalf of a purported class under Rule 23 of the Federal Rules of Civil Procedure; denies that such claims are appropriately alleged on behalf of such a class under Rule 23 or otherwise; and denies the remaining allegations contained in paragraph 47 of the First Amended Complaint.

48.     Defendant admits that Plaintiff Dinisi purports to exclude certain persons from his purported class under Rule 23 of the Federal Rules of Civil Procedure; denies that Plaintiffs' claims are appropriately alleged on behalf of any class whatsoever under Rule 23 or otherwise; and denies the remaining allegations contained in paragraph 48 of the First Amended Complaint.

49.     Defendant affirmatively states that the parameters of the purported class as defined by Plaintiff Dinisi are so vague that the number of persons belonging to such a class cannot reasonably be determined; denies that Plaintiffs' claims are appropriately alleged on behalf of any class whatsoever under Rule 23 or otherwise; and denies the remaining allegations contained in paragraph 49 of the First Amended Complaint.

50.     Defendant affirmatively states that the parameters of the purported class as defined by Plaintiff Dinisi are so vague that the number of persons belonging to such a class cannot reasonably be determined; denies that Plaintiffs' claims are appropriately alleged on behalf of any class whatsoever under Rule 23 or otherwise; and denies the remaining allegations contained in paragraph 50 of the First Amended Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of the First Amended Complaint.

52.     Defendant denies the allegations contained in paragraph 52 of the First Amended Complaint, and further denies the allegations contained in each and every subpart of paragraph 52.

53.    Defendant denies the allegations contained in paragraph 53 of the First Amended Complaint.

54.    Defendant denies the allegations contained in paragraph 54 of the First Amended Complaint.

55.    Defendant denies the allegations contained in paragraph 55 of the First Amended Complaint.

56.    Defendant denies the allegations contained in paragraph 56 of the First Amended Complaint.

57.    Defendant admits that Plaintiff Desimone purports to allege certain claims under Washington law on behalf of a purported class under Rule 23 of the Federal Rules of Civil Procedure; denies that such claims are appropriately alleged on behalf of such a class under Rule 23 or otherwise; and denies the remaining allegations contained in paragraph 57 of the First Amended Complaint.

58.    Defendant admits that Plaintiff Desimone purports to exclude certain persons from his purported class under Rule 23 of the Federal Rules of Civil Procedure; denies that Plaintiffs' claims are appropriately alleged on behalf of any class whatsoever under Rule 23 or otherwise; and denies the remaining allegations contained in paragraph 58 of the First Amended Complaint.

59.    Defendant affirmatively states that the parameters of the purported class as defined by Plaintiff Desimone are so vague that the number of persons belonging to such a class cannot reasonably be determined; denies that Plaintiffs' claims are appropriately alleged on behalf of any class whatsoever under Rule 23 or otherwise; and denies the remaining allegations contained in paragraph 59 of the First Amended Complaint.

60.    Defendant affirmatively states that the parameters of the purported class as defined by Plaintiff Desimone are so vague that the number of persons belonging to such a class cannot

reasonably be determined; denies that Plaintiffs' claims are appropriately alleged on behalf of any class whatsoever under Rule 23 or otherwise; and denies the remaining allegations contained in paragraph 60 of the First Amended Complaint.

61.    Defendant denies the allegations contained in paragraph 61 of the First Amended Complaint.

62.    Defendant denies the allegations contained in paragraph 62 of the First Amended Complaint, and further denies the allegations contained in each and every subpart of paragraph 62.

63.    Defendant denies the allegations contained in paragraph 63 of the First Amended Complaint.

64.    Defendant denies the allegations contained in paragraph 64 of the First Amended Complaint.

65.    Defendant denies the allegations contained in paragraph 65 of the First Amended Complaint.

66.    Defendant denies the allegations contained in paragraph 66 of the First Amended Complaint.

67.    Defendant admits that Plaintiff Desimone purports to allege certain claims under Oregon law on behalf of a purported class under Rule 23 of the Federal Rules of Civil Procedure; denies that such claims are appropriately alleged on behalf of such a class under Rule 23 or otherwise; and denies the remaining allegations contained in paragraph 67 of the First Amended Complaint.

68.    Defendant admits that Plaintiff Desimone purports to exclude certain persons from his purported class under Rule 23 of the Federal Rules of Civil Procedure; denies that Plaintiffs'

claims are appropriately alleged on behalf of any class whatsoever under Rule 23 or otherwise; and denies the remaining allegations contained in paragraph 68 of the First Amended Complaint.

69.    Defendant affirmatively states that the parameters of the purported class as defined by Plaintiff Desimone are so vague that the number of persons belonging to such a class cannot reasonably be determined; denies that Plaintiffs' claims are appropriately alleged on behalf of any class whatsoever under Rule 23 or otherwise; and denies the remaining allegations contained in paragraph 69 of the First Amended Complaint.

70.    Defendant affirmatively states that the parameters of the purported class as defined by Plaintiff Desimone are so vague that the number of persons belonging to such a class cannot reasonably be determined; denies that Plaintiffs' claims are appropriately alleged on behalf of any class whatsoever under Rule 23 or otherwise; and denies the remaining allegations contained in paragraph 70 of the First Amended Complaint.

71.    Defendant denies the allegations contained in paragraph 71 of the First Amended Complaint.

72.    Defendant denies the allegations contained in paragraph 72 of the First Amended Complaint, and further denies the allegations contained in each and every subpart of paragraph 72.

73.    Defendant denies the allegations contained in paragraph 73 of the First Amended Complaint.

74.    Defendant denies the allegations contained in paragraph 74 of the First Amended Complaint.

75.    Defendant denies the allegations contained in paragraph 75 of the First Amended Complaint.

76.    Defendant denies the allegations contained in paragraph 76 of the First Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS

77.    Defendant admits that Plaintiffs purport to allege certain claims under the FLSA law on behalf of a purported collective class; denies that such claims are appropriately alleged on behalf of such a class under the FLSA or otherwise; and denies the remaining allegations contained in paragraph 77 of the First Amended Complaint.

78.    Defendant denies the allegations contained in paragraph 78 of the First Amended Complaint.

## CLASS-WIDE FACTUAL ALLEGATIONS

79.    Defendant denies the allegations contained in paragraph 79 of the First Amended Complaint.

80.    Defendant denies the allegations contained in paragraph 80 of the First Amended Complaint.

81.    Defendant denies the allegations contained in paragraph 81 of the First Amended Complaint.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act:  Unpaid Wages
### On behalf of Plaintiffs and the FLSA Collective

82.    Defendant incorporates its responses to all preceding paragraphs of the First Amended Complaint by reference herein.

83.    Defendant denies the allegations contained in paragraph 83 of the First Amended Complaint.

84.    Defendant affirmatively states that the allegations contained in paragraph 84 of the First Amended Complaint state a conclusion of law to which no response is required.  To the

extent any response is required, Defendant denies the allegations contained in paragraph 84 of the First Amended Complaint.

85.    Defendant denies the allegations contained in paragraph 85 of the First Amended Complaint.

86.    Defendant affirmatively states that the allegations contained in paragraph 86 of the First Amended Complaint state a conclusion of law to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in paragraph 86 of the First Amended Complaint.

87.    Defendant affirmatively states that the allegations contained in paragraph 87 of the First Amended Complaint state a conclusion of law to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in paragraph 87 of the First Amended Complaint.

88.    Defendant that it employed Plaintiffs Starkman and Dinisi during certain periods; and denies the remaining allegations contained in paragraph 88 of the First Amended Complaint.

89.    Defendant denies the allegations contained in paragraph 89 of the First Amended Complaint.

90.    Defendant denies the allegations contained in paragraph 90 of the First Amended Complaint.

91.    Defendant denies the allegations contained in paragraph 91 of the First Amended Complaint.

92.    Defendant denies the allegations contained in paragraph 92 of the First Amended Complaint.

93.    Defendant affirmatively states that the allegations contained in paragraph 93 of the First Amended Complaint state a conclusion of law to which no response is required.  To the

extent any response is required, Defendant denies the allegations contained in paragraph 93 of the First Amended Complaint.

94.    Defendant denies the allegations contained in paragraph 94 of the First Amended Complaint.

## SECOND CAUSE OF ACTION
### California Wage Laws:  Unpaid Wages
### On behalf of the California Plaintiffs and the CA Class Members

95.    Defendant incorporates its responses to all preceding paragraphs of the First Amended Complaint by reference herein.

96.    Defendant denies the allegations contained in paragraph 96 of the First Amended Complaint.

97.    Defendant affirmatively states that the provisions of California law speak for themselves; and denies the allegations contained in paragraph 97 of the First Amended Complaint.

98.    Defendant denies the allegations contained in paragraph 98 of the First Amended Complaint.

99.    Defendant denies the allegations contained in paragraph 99 of the First Amended Complaint.

100.    Defendant denies the allegations contained in paragraph 100 of the First Amended Complaint.

101.    Defendant denies the allegations contained in paragraph 101 of the First Amended Complaint.

**THIRD CAUSE OF ACTION**
**California Wage Laws:  Record-Keeping Violations**
**On behalf of the California Plaintiffs and the CA Class Members**

102.    Defendant incorporates its responses to all preceding paragraphs of the First Amended Complaint by reference herein.

103.    Defendant denies the allegations contained in paragraph 103 of the First Amended Complaint.

104.    Defendant denies the allegations contained in paragraph 104 of the First Amended Complaint.

105.    Defendant denies the allegations contained in paragraph 105 of the First Amended Complaint.

**FOURTH CAUSE OF ACTION**
**California Wage Laws:  Meal Break Violations**
**On behalf of the California Plaintiffs and the CA Class Members**

106.    Defendant incorporates its responses to all preceding paragraphs of the First Amended Complaint by reference herein.

107.    Defendant denies the allegations contained in paragraph 107 of the First Amended Complaint.

108.    Defendant denies the allegations contained in paragraph 108 of the First Amended Complaint.

109.    Defendant denies the allegations contained in paragraph 109 of the First Amended Complaint.

**FIFTH CAUSE OF ACTION**
**California Wage Laws:  Untimely Wage Payments**
**On behalf of the California Plaintiffs and the CA Class Members**

110.    Defendant incorporates its responses to all preceding paragraphs of the First Amended Complaint by reference herein.

111.    Defendant affirmatively states that the provisions of California law speak for themselves; and denies the allegations contained in paragraph 111 of the First Amended Complaint.

112.    Defendant denies the allegations contained in paragraph 112 of the First Amended Complaint.

113.    Defendant affirmatively states that the allegations contained in paragraph 113 of the First Amended Complaint are so vague and undefined that Defendant is unable to reasonably respond.

114.    Defendant denies the allegations contained in paragraph 114 of the First Amended Complaint.

**SIXTH CAUSE OF ACTION**
**California Unfair Competition Law (UCL)**
**On behalf of the California Plaintiffs and the CA Class Members**

115.    Defendant incorporates its responses to all preceding paragraphs of the First Amended Complaint by reference herein.

116.    Defendant denies the allegations contained in paragraph 116 of the First Amended Complaint.

117.    Defendant affirmatively states that the provisions of California law speak for themselves; and denies the allegations contained in paragraph 117 of the First Amended Complaint.

118.    Defendant denies the allegations contained in paragraph 118 of the First Amended Complaint.

119.    Defendant denies the allegations contained in paragraph 119 of the First Amended Complaint, and further denies the allegations contained in each and every subpart of paragraph 119.

120.    Defendant denies the allegations contained in paragraph 120 of the First Amended Complaint.

121.    Defendant denies the allegations contained in paragraph 121 of the First Amended Complaint.

122.    Defendant admits that certain Plaintiffs purport to seek the recovery of attorneys fees under California law; denies that these Plaintiffs are entitled to a recovery of attorneys fees or any relief whatsoever; and denies the remaining allegations contained in paragraph 122 of the First Amended Complaint.

123.    Defendant admits that certain Plaintiffs purport to seek damages in the form of restitution under California law; denies that these Plaintiffs are entitled to such damages or any relief whatsoever; and denies the remaining allegations contained in paragraph 123 of the First Amended Complaint.

**SEVENTH CAUSE OF ACTION**
**New York Labor Law:  Unpaid Wages**
**On behalf of the New York Plaintiff and the New York Class Members**

124.    Defendant incorporates its responses to all preceding paragraphs of the First Amended Complaint by reference herein.

125.    Defendant denies the allegations contained in paragraph 125 of the First Amended Complaint.

126.    Defendant affirmatively states that the allegations contained in paragraph 126 of the First Amended Complaint state a conclusion of law to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in paragraph 126 of the First Amended Complaint.

127.    Defendant admits that it employed Plaintiff Dinisi during certain periods; and denies the remaining allegations contained in paragraph 127 of the First Amended Complaint.

128.    Defendant denies the allegations contained in paragraph 128 of the First Amended Complaint.

129.    Defendant denies the allegations contained in paragraph 129 of the First Amended Complaint.

130.    Defendant denies the allegations contained in paragraph 130 of the First Amended Complaint.

131.    Defendant denies the allegations contained in paragraph 131 of the First Amended Complaint.

132.    Defendant admits that Plaintiff Dinisi disclaims any recovery of liquidated damages; denies that Plaintiff Dinisi is entitled to any relief whatsoever; and denies the remaining allegations contained in paragraph 132 of the First Amended Complaint.

**EIGHTH CAUSE OF ACTION**
**Washington Wage Laws:  Unpaid Wages**
**On behalf of the Washington Plaintiff and the Washington Class Members**

133.    Defendant incorporates its responses to all preceding paragraphs of the First Amended Complaint by reference herein.

134.    Defendant denies the allegations contained in paragraph 134 of the First Amended Complaint.

135.    Defendant affirmatively states that the allegations contained in paragraph 135 of the First Amended Complaint state a conclusion of law to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in paragraph 135 of the First Amended Complaint.

136.    Defendant denies the allegations contained in paragraph 136 of the First Amended Complaint.

137.    Defendant denies the allegations contained in paragraph 137 of the First Amended Complaint.

138.    Defendant affirmatively states that the provisions of Washington law speak for themselves; and denies the allegations contained in paragraph 138 of the First Amended Complaint.

139.    Defendant admits that Plaintiff Desimone purports to seek the recovery of attorneys fees and costs under Washington law; denies that Plaintiff Desimone is entitled to a recovery of attorneys fees or any relief whatsoever; and denies the remaining allegations contained in paragraph 139 of the First Amended Complaint.

140.    Defendant admits that Plaintiff Desimone purports to seek the recovery of damages and other relief under Washington law; denies that Plaintiff Desimone is entitled to the recovery of such damages or any relief whatsoever; and denies the remaining allegations contained in paragraph 140 of the First Amended Complaint.

**NINTH CAUSE OF ACTION**
**Oregon Wage Laws:  Unpaid Wages**
**On behalf of the Oregon Plaintiff and the Oregon Class Members**

141.    Defendant incorporates its responses to all preceding paragraphs of the First Amended Complaint by reference herein.

142.    Defendant denies the allegations contained in paragraph 142 of the First Amended Complaint.

143.    Defendant affirmatively states that the allegations contained in paragraph 143 of the First Amended Complaint state a conclusion of law to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in paragraph 143 of the First Amended Complaint.

144. Defendant denies the allegations contained in paragraph 144 of the First Amended Complaint.

145. Defendant denies the allegations contained in paragraph 145 of the First Amended Complaint.

146. Defendant denies the allegations contained in paragraph 146 of the First Amended Complaint.

147. Defendant denies the allegations contained in paragraph 147 of the First Amended Complaint.

148. Defendant denies the allegations contained in paragraph 148 of the First Amended Complaint.

149. Defendant affirmatively states that the provisions of Oregon law speak for themselves; and denies the allegations contained in paragraph 149 of the First Amended Complaint.

150. Defendant denies the allegations contained in paragraph 150 of the First Amended Complaint.

151. Defendant affirmatively states that the allegations contained in paragraph 151 of the First Amended Complaint are so vague and undefined that Defendant is unable to reasonably respond.

152. Defendant denies the allegations contained in paragraph 152 of the First Amended Complaint.

153. Unless otherwise and expressly admitted, Defendant denies each and every allegation contained in the First Amended Complaint.

## STATEMENT OF AFFIRMATIVE DEFENSES

### First Affirmative Defense

To the extent that the period of time alluded to in the First Amended Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and any limitations period established by New York, Oregon, Washington, or California state law, including but not limited to the statutes of limitations found in California Code of Civil Procedure §§ 338, 339 and 340, California Labor Code § 203, California Business and Professions Code § 17208 and by principles of laches, such claims of Plaintiffs are barred. This affirmative defense also may apply to the claims of some or all of the class of allegedly similarly situated persons, as alleged in the First Amended Complaint.

### Second Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 and/or any corresponding New York, Washington, Oregon, and/or California state law because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, or written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and any corresponding New York, Washington, Oregon, and/or California state law. This affirmative defense also may apply to the claims of some or all of the class of allegedly similarly situated persons, as alleged in the First Amended Complaint.

### Third Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260 and/or any corresponding New York, Washington, Oregon, and/or California state law because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA and any corresponding New York, Washington, Oregon, and/or California state law.  This affirmative defense also may apply to the claims of some or all of the class of allegedly similarly situated persons, as alleged in the First Amended Complaint.

### Fourth Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent that the work he or she performed falls within exemptions or exceptions provided under the FLSA, 29 U.S.C. § 201, *et seq.*, including those exemptions contained in Section 13(a) and/or (b) of the FLSA, and/or any corresponding New York, Washington, Oregon, and/or California state law, including but not limited to the exemptions and exceptions to the payment of overtime provided in the California Wage Orders.  This affirmative defense also may apply to the claims of some or all of the class of allegedly similarly situated persons, as alleged in the First Amended Complaint.

### Fifth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254 and any corresponding New York, Washington, Oregon, and/or California state law, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to his/her principal activities.  This affirmative defense also may apply to the claims of some or all of the class of allegedly similarly situated persons, as alleged in the First Amended Complaint.

### Sixth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curet lex*. This affirmative defense also may apply to the claims of some or all of the class of allegedly similarly situated persons, as alleged in the First Amended Complaint.

### Seventh Affirmative Defense

Defendant at all times acted in good faith to comply with the FLSA and any applicable state law and with reasonable grounds to believe that its actions did not violate the statutes or other laws cited in the First Amended Complaint, and Defendant asserts a lack of willfulness or intent to violate the FLSA or any applicable state law as a defense to any claim by Plaintiffs for liquidated damages or other statutory penalties. This affirmative defense also may apply to the claims of some or all of the class of allegedly similarly situated persons, as alleged in the First Amended Complaint.

### Eighth Affirmative Defense

There are no employees of Defendant who are similarly situated to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

### Ninth Affirmative Defense

Plaintiffs have failed to exercise reasonable care to mitigate their damages, if any were suffered, and their right to recover against Defendant should be reduced and/or eliminated by such a failure.

### Tenth Affirmative Defense

Plaintiffs have been paid and/or received all wages due to them by virtue of their employment.

## Eleventh Affirmative Defense

The First Amended Complaint fails to properly state a claim for penalties under California Labor Code §§ 201, 202, or 203 because there is a bona fide, good faith dispute with respect to Defendant's obligation to pay any wages that may be found to be due; *i.e.*, Defendant has not willfully or intentionally failed to pay compensation to any Plaintiff or purported class member within the meaning and scope of California Labor Code § 203.

## Twelfth Affirmative Defense

The First Amended Complaint and each cause of action set forth therein cannot be maintained against Defendant because the principles of fairness and equity operate to bar the imposition of penalties under California Labor Code §§ 203, 226, 226.7, and 1174.5.

## Thirteenth Affirmative Defense

Defendant's business actions or practices were not unfair, unlawful, fraudulent or deceptive within the meaning of California Business and Professions Code § 17200, *et seq.*

## Fourteenth Affirmative Defense

Plaintiffs are barred from obtaining relief pursuant to their causes of action for violation of California Business and Professions Code § 17200, *et seq.* because California law does not permit representative actions where liability can only be determined through fact-intensive individualized assessments of alleged wage and hour violations. Further, Defendant alleges the prosecution of a representative action on behalf of the general public under California Business and Professions Code § 17200 *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

**Fifteenth Affirmative Defense**

The prayer for restitution pursuant to California Business and Professions Code § 17200, *et seq.* is barred with respect to penalties of any nature.

**Sixteenth Affirmative Defense**

To the extent that Plaintiffs seek statutory or other penalties, such claim must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

**Seventeenth Affirmative Defense**

Certain causes of action in the First Amended Complaint are barred because the Wage Orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States and California Constitutions to, among other things, due process of law.

**Eighteenth Affirmative Defense**

Even assuming *arguendo,* the California Plaintiffs were not provided with a proper itemized statement of wages and deductions, the California Plaintiffs are not entitled to recover damages because Defendant's alleged failure to comply with California Labor Code § 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(e).

**Nineteenth Affirmative Defense**

The First Amended Complaint fails to properly state a claim for attorney's fees under California Code of Civil Procedure § 1021.5, California Labor Code §§ 218.5 or 1194, California Business and Professions Code § 17200, *et seq.*, under the FLSA or on any other basis.

**Twentieth Affirmative Defense**

Plaintiffs and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

### Twenty-First Affirmative Defense

Defendant alleges that each purported cause of action in the First Amended Complaint, or some of the causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

### Twenty-Second Affirmative Defense

Defendant alleges that any failure of Plaintiffs and the putative class members to take meal periods at all or take them before working more than five hours was the result of their own exercise of discretion and independent judgment.

### Twenty-Third Affirmative Defense

The First Amended Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### Twenty-Fourth Affirmative Defense

Plaintiffs' First Amended Complaint and each claim therein is barred as a result of Plaintiffs' failure to exhaust their administrative remedies.

### Twenty-Fifth Affirmative Defense

The imposition of replicating penalties, as applied to the alleged facts and circumstances of this case, would violate Defendant's due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California. *Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal. 4th 707; *Ratner v. Chemical Bank New York Trust Co.* (S.D.N.Y. 1972) 54 F.R.D. 412.

### Twenty-Sixth Affirmative Defense

The claims of Plaintiffs and the putative class members they seek to represent are misjoined, as their rights to recover require individual analysis, do not present a predominance of

common questions of law or fact, and are unsuited for determination on a class or representative basis, neither of which is a superior means of adjudicating these claims.

### Twenty-Seventh Affirmative Defense

Plaintiffs' First Amended Complaint and each purported cause of action therein, or some of them, are barred because Plaintiffs lack standing as representatives of the proposed class and as a representative of the group of allegedly similarly situated individuals they seek to represent, and does not adequately represent the putative class members or other employees of Defendant.

### Twenty-Eighth Affirmative Defense

The prosecution of this action by Plaintiffs and the putative class members as a class action or as a representative action under California Business and Professions Code § 17200 *et seq.*, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California.

### Twenty-Ninth Affirmative Defense

Plaintiffs' First Amended Complaint and/or each purported cause of action therein is barred by the doctrine of estoppel and/or the doctrine of laches.

### Thirtieth Affirmative Defense

Plaintiffs' First Amended Complaint and/or each purported cause of action therein is barred because Plaintiffs and the putative class members, or some of them, have failed to take reasonable steps to mitigate their damages, if any.

### Thirty-First Affirmative Defense

Plaintiffs' claims under the Washington Industrial Welfare Act, Chapter 49.12 RCW, and Washington Minimum Wage Act, Chapter 49.96 RCW, are barred to the extent plaintiffs are excluded from the definition of employees covered by the Acts and all associated regulations.

### Thirty-Second Affirmative Defense

Plaintiffs' claims under the Washington state double damages statute, RCW 49.52.070, are barred because plaintiffs knowingly submitted to any Washington state wage and hour law violations alleged in Plaintiffs' First Amended Complaint, and further, because there is a bona fide legal and factual dispute concerning Defendant's obligation to pay any wages claimed by Plaintiffs under Washington state law.

### Thirty-Third Affirmative Defense

Plaintiffs' claims fail, in whole or in part, because they have sued an improper party.

### Thirty-Fourth Affirmative Defense

Defendant reserves the right to assert additional defenses or claims, which may become known during the course of discovery.

**WHEREFORE**, Defendant ECOLAB, INC., respectfully requests that this Court: (a) dismiss the First Amended Complaint with prejudice; (b) deny Plaintiffs' demands and prayer for relief; (c) award Defendant costs and reasonable attorney's fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

DATED this 26th day of December 2007.

Respectfully submitted,

LITTLER MENDELSON, P.C.
885 Third Avenue, 16th Floor
New York, New York  10022-4834
212.583.9600

By:  /s/ David M. Wirtz
     David M. Wirtz
     dwirtz@littler.com

Andrew J. Voss, Esq.
Minnesota Bar No. 241556
Shirley Lerner
Minnesota Bar No. 151245
applications to appeal *pro hac vice* forthcoming
Littler Mendelson, P.C.
1300 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402
Tel:  (612) 630-1000
Fax: (612) 630-9626
avoss@littler.com

Counsel for DEFENDANT ECOLAB INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of December 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants identified below.

Adam T. Klein (atk@outtengolden.com)

Dan Charles Getman (dgetman@getmanlaw.com)

Jack A. Raisner (jar@outtengolden.com)

Justin Mitchell Swartz (jms@outtengolden.com)

Matthew Thomas Dunn (mdunn@getmanlaw.com)

Michael J.D. Sweeney (msweeney@getmanlaw.com)

Tara Margo Bernstein (tbernstein@getmanlaw.com)

Rachel Megan Bien (rmb@outtengolden.com)


/s/ David M. Wirtz_____
David M. Wirtz

Firmwide:83865415.1 057118.1006