# EXHIBIT A

# TO

# DECLARATION OF ANDREW J. VOSS

In Support of Defendant's Motion to Transfer Venue and Consolidate Certain Plaintiffs with First-Filed Action

Re: <u>Clark v. Ecolab, Inc.</u>
   Court File No. 07-CV-8623 (DLC)

LITTLER MENDELSON, P.C.
885 Third Avenue, 16th Floor
New York, New York 10022-4834
212.583.9600

Counsel for Defendant
ECOLAB, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CIVIL ACTION NO. 07-8623 (DLC)

MICHAEL CLARK, DAVID STARKMAN,
FRANCO DESIMONE, and JOHN DINISI,
individually and on behalf of all other similarly
situated employees,

        Plaintiffs,

v.

ECOLAB, INC.,

        Defendant.

## DECLARATION OF STEPHANIE JOHNSON IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE AND CONSOLIDATE CERTAIN PLAINTIFFS WITH FIRST-FILED ACTION

I, STEPHANIE JOHNSON, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct based on personal knowledge:

1. I am currently employed by Kay Chemical Company ("Kay") as Human Resources Manager. Kay is a subsidiary of Defendant Ecolab, Inc.

2. As Human Resources Manager, I have access to records describing the numbers and locations of Kay's employees. I am familiar with the duties, responsibilities, and reporting structure for numerous categories of employees, including Territory Representatives for Kay. I am also familiar with corporate procedures related to human resources, the location of personnel

and payroll records, and the identities of other individuals with specific knowledge regarding Kay's policies and procedures. I have read the allegations in the First Amended Complaint filed by plaintiffs Michael Clark, David Starkman, Franco Disimone, and John Dinisi in the above-captioned matter.

3. Kay is a North Carolina corporation, headquartered in Greensboro, North Carolina, that focuses on cleaning and sanitizing products, services, and training programs for quickservice restaurants, food retail markets, movie theaters and convenience stores.

4. Kay is a wholly-owned subsidiary of Ecolab, Inc. ("Ecolab"), which is a St. Paul, Minnesota-based company engaged in the development and marketing of services and products relating to cleaning, sanitation, and service needs for the hospitality, institutional, and industrial markets. Ecolab purchased Kay in 1994. Prior to 1994, Kay was a privately held company.

5. Kay is divided into two primary business units: Global Retail Services (GRS) and Global Quick Service (GQS). Each business unit employs Territory Representatives and Senior Territory Representatives whose responsibilities include supporting customer accounts with training at the store level and by managing store-level sales, service, and food safety standards.

6. Kay currently employs approximately 165 Territory Representatives and Senior Territory Representatives who are responsible for accounts in 42 different states around the country. In 2007, approximately 95% of Kay's 165 Territory Representatives/Senior Territory Representatives reside and work outside of the State of New York. The percentage of Kay Territory Representatives/Senior Territory Representatives who have worked and resided outside the State of New York has been consistent for the past three years.

7. Plaintiff Michael Clark, who works and resides in California, is currently a Territory Representative in Kay's Global Retail Services division. Plaintiff Franco Desimone is a former Kay Senior Territory Representative in what is now the Global Quick Service business;

Desimone was employed between June 20, 2003, and November 19, 2007, and worked in California, Washington, and Oregon during his employment. Neither Clark nor Desimone have worked in New York during their employment with Kay.

8.  Territory Representatives and Senior Territory Representatives report to District Managers, who in turn report to Area Managers. Kay employs approximately twenty District Managers, all of whom are employed and/or reside outside of New York. Clark's District Manager resides in Campbell, California, and Desimone's former manager resides in Castle Rock, Colorado.

9.  Kay's human resources and division-specific work practices emanate from its headquarters in Greensboro, North Carolina. The duties and responsibilities of the Territory Representatives and Senior Territory Representatives, and changes to those positions over time, were developed and implemented by Kay management. Personnel records pertaining to plaintiffs Clark, Desimone and putative class members are located in either Greensboro or St. Paul, Minnesota. Kay Territory Representatives' and Senior Territory Representatives' training and orientation materials are administered from Kay's headquarters in Greensboro, North Carolina. Materials such as job descriptions, policies governing Territory Representatives' employment and documents pertaining to their classification under the Fair Labor Standards Act are located largely in Greensboro and St. Paul. I am aware of no documents or records relevant to the claim in this Lawsuit which are located in or near New York.

10. Kay management and executive-level employees who: (a) calculate or approve rates of pay for Territory Representatives and Senior Territory Representatives; and (b) have knowledge of the duties, responsibilities, training, and exempt status of Territory Representatives and Senior Territory Representatives, generally work at the Company's headquarters in Greensboro.

11. For example, the following Kay employees, all of whom work at Kay's corporate headquarters in Greensboro, North Carolina, have personal knowledge regarding the following potential areas of inquiry regarding Territory Representatives and Senior Territory Representatives, their job duties, and relevant employment policies:

| NAME | TITLE | SUBJECT MATTER |
|---|---|---|
| Michele Deuterman | Vice President, Human Resources and Administration | Human Resources policies, procedures and programs, Field Sales duties and training programs |
| Stephanie Johnson | Human Resources Manager | Human Resources policies, procedures and programs, Field Sales duties and training programs |
| Robert Casey | Field Sales Training Specialist | Field Sales procedures, duties, and training |
| Martin Y. Juhn | General Manager – Global Quick Service | Field Sales policies, procedures, directives and programs, duties and responsibilities of Territory Representatives in the Global Quick Service operations |
| Michael F. Howard | Vice President, Field Sales, Global Quick Service | Field Sales policies, procedures, directives and programs, duties and responsibilities of Territory Representatives in the Global Quick Service operations |
| David McCulloch | Area Manager, Global Quick Service | Field Sales policies, procedures, directives and programs, duties and responsibilities of Territory Representatives in the Global Quick Service operations |
| Bobby Mendez | Vice President/General Manager Global Retail Services | Field Sales policies, procedures, directives and programs duties and responsibilities of Territory Representatives in the Global Retail Services operations |
| Geoffrey McClure | Vice President, Field Sales – Global Retail Services | Field Sales policies, procedures, directives and programs duties and |

12. In addition, additional witnesses with knowledge relevant to the claims raised in this case are located outside of New York:

| NAME (LOCATION) | TITLE | SUBJECT MATTER |
| --- | --- | --- |
| Robert Millward (Mesa, AZ) | Western Area Manager, Global Retail Services | Field Sales policies, procedures, directives and programs duties and responsibilities of Territory Representatives in the Global Retail Services operations |
| Jarom Turner (Castle Rock, CO) | Area Manager | Field Sales policies, procedures, directives and programs duties and responsibilities of Territory Representatives in the Global Quick Service operations, including plaintiff Desimone's specific job duties and responsibilities |

13. Furthermore, I believe that non-party witnesses, former Kay management-level employees who reside in or around Greensboro, may have knowledge and information relevant to this case. In particular, former Kay Vice President of Human Resources David Moff is likely to have knowledge regarding the duties and classifications of the positions at issue in this case. Mr. Moff resides in or around Greensboro.

14. Attendance at a hearing and a lengthy trial in New York will require Company witnesses to be away from their work and home in North Carolina, which would substantially disrupt Kay's business operations and personal schedules of relevant witnesses. Many of these individuals hold critical management roles at Kay, and their responsibilities would have to be delegated to others, or not performed at all, on account of participation in this litigation. It would

substantially reduce such disruption for the Court to transfer venue of this action to the Mid District of North Carolina, and would likewise reduce transportation, lodging, and meal expen for these key witnesses.

I declare under penalty of perjury that the foregoing is true and correct.

*Stephanie Johnson*
STEPHANIE JOHNSON

Dated: 12/21/07

Firmwide:83898951.1 057118.1006

NOTARY PUBLIC
OFFICIAL SEAL
KATHLEEN HACKNEY
RANDOLPH COUNTY, NC
My Commission Expires 2-24-10

*Kathleen Hackney*