# EXHIBIT L

# TO

# DECLARATION OF
# ANDREW J. VOSS

**In Support of Defendant's Motion to Transfer Venue and
Consolidate Certain Plaintiffs with First-Filed Action**

**Re:  Clark v. Ecolab, Inc.**
**Court File No. 07-CV-8623 (DLC)**

LEXSEE 2007 U.S. DIST. LEXIS 88216

**MICKEY JUMAPAO, on behalf of herself and all others similarly situated, Plaintiffs, v. WASHINGTON MUTUAL BANK, F.A., et al., Defendant.**

**Case No. 06-CV-2285 W (RBB)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

*2007 U.S. Dist. LEXIS 88216*

**November 29, 2007, Decided**
**November 30, 2007, Filed**

**PRIOR HISTORY:** *Westerfield v. Wash. Mut. Bank, 2007 U.S. Dist. LEXIS 54830 (E.D.N.Y., July 26, 2007)*

**COUNSEL:** [*1] For Mickey Jumapao, on behalf of himself and all others similarly situated, Plaintiff: Donald H. Nichols, Paul J. Lukas, LEAD ATTORNEYS, Nichols Kaster & Anderson, PLLP, Minneapolis, MN; Michael D Singer, LEAD ATTORNEY, Cohelan and Khoury, San Diego, CA; Bryan J Schwartz, Nichols Kaster and Anderson, LLP, San Francisco, CA.

For Washington Mutual Bank FA, Defendant: Barbara J Miller, LEAD ATTORNEY, Morgan Lewis and Bockius, Irvine, CA; John Spivey Battenfeld, LEAD ATTORNEY, Morgan Lewis and Bockius, Los Angeles, CA.

**JUDGES:** HON. THOMAS J. WHELAN.

**OPINION BY:** THOMAS J. WHELAN

**OPINION**

**ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER CASE TO THE EASTERN DISTRICT OF NEW YORK**

Pending before the Court is Plaintiff Mickey Jumapao's motion to stay or transfer this case to the United States District Court for the Eastern District of New York. The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court **GRANTS** the motion to transfer.

**I. BACKGROUND.**

On June 5, 2006, a nationwide class action was filed against defendant Washington Mutual in the Eastern District of New York, entitled *Westerfield, et al. v. Washington Mutual,* Case No. 06 [*2] Civ. 2817. The lawsuit was filed on behalf of Washington Mutual's current and former loan consultants, who allege that Washington Mutual "failed to pay minimum wages and overtime compensation in accordance with Fair Labor Standards Act ("FLSA") and state laws." (*Westerfield* Corrected Complaint, P1.) Among the state laws allegedly violated are *California Business & Professions Code § 17200,* and various provisions of the California Labor Code pertaining to minimum-wage, overtime and record-keeping requirements.

On December 13, 2006, the Honorable Carol B. Amon granted plaintiffs' motion for conditional certification of the case as an FLSA collective action. As a result, *Westerfield* now includes 249 individuals from California.

Meanwhile, on October 11, 2006, Mickey Jumapao filed this action. Similar to *Westerfield,* this case is filed on behalf of current and former loan consultants who allege that Washington Mutual failed to pay minimum wages and overtime in violation of the *California Business & Professions Code § 17200,* various provisions of the California Labor Code, and the FLSA. The complaint also asserts that Washington Mutual failed to comply with California record-keeping requirements, [*3] and failed to provide its employees with meal and rest periods.

On June 22, 2007, the *Westerfield* plaintiffs filed a motion to intervene in this case. On the same day, the *Westerfield* plaintiffs and Washington Mutual filed a joint motion to stay this case pursuant to the first-to-file rule. In the joint motion, Washington Mutual and the *Westerfield* plaintiffs stated that they were requesting "an order staying the instant proceedings because they are duplicative of *Westerfidd et al. v. Washingon Mutual . . .*

." (Doc. No. 29, at 1:1-5.) Shortly after the case was transferred to this Court, Washington Mutual withdrew its support for the joint motion. [1]

> 1  The case was originally assigned to the Honorable Roger T. Benitez. On September 14, 2007, the case was transferred to this Court.

On September 28, 2007, Jumapao filed the current motion to stay or transfer this case to the Eastern District of New York Jumapao's motion is based, in part, on the first-to-file rule.

## II. LEGAL STANDARD.

The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already [*4] been filed in another district." *Pacesetter Systems, Inc. v. Medtronic. Inc., 678 F.2d 93, 94-95 (9th Cir. 1982)* (citing *Church of Scientology of California v. United States Department of the Army, 422 F.2d 1187, 1193 (9th Cir. 1970))*. The prerequisites for application of the rule are chronology -- i.e., which litigation was filed first -- and identity of interests and parties. *Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991)*.

The primary purpose behind the first-to-file rule is to avoid unnecessarily burdening the federal judiciary and to avoid conflicting judgments. *Church of Scientology, 422 F.2d at 750*. In deciding whether to apply the rule, courts are, therefore, guided by "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation...." *Pacesetter Systems, 678 F.2d at 95* (citing *Kerotest Manufacturing Co. v. GO-Two Fire Equipment Co., 342 U.S. 180 183-184, 72 S. Ct. 219, 96 L. Ed. 200, 1952 Dec. Comm'r Pat. 407 (1952)*. Because the first-to-file rule serves the purpose of judicial efficiency well, it "should not be disregarded lightly." *Alltrade, Inc., 946 F.2d at 625*.

## III. DISCUSSION.

The chronological requirement for the first-to-file rule [*5] is clearly met. *Westerfield* was filed on June 5, 2006, four months before Plaintiff filed this lawsuit. Additionally, because both lawsuits are against Washington Mutual and are filed on behalf of individuals currently or formerly employed as loan consultants, the Court finds that the parties in both cases are substantially similar, if not identical. *See Dist. Council 37 Health & Sec. Plan v. McKesson Corp., 2006 U.S. Dist. LEXIS 30584, 2006 WL 1305235, at *1 (N.D. Cal. May 11, 2006)*.

Despite previously asserting in the joint motion that this case is duplicative of *Westerfield*, Washington Mutual now argues -- presumably with a straight face -- that

this case is not sufficiently similar to justify transfer under the first-to-file rule. But as Washington Mutual itself pointed out in the joint motion, "[t]he 'identity of issues' requirement of the first-filed rule does not require strict identify of issues, but rather, only similarity." (Doc. No. 29, at 7:8-9.)*See also Alltrade. Inc., 946 F.2d 622* (affirming district court's finding that first-to-file rule applied, despite fact that first-filed action involved additional claims and party); *Inherent.com v. Martindale-Hubbell, 420 F. Supp.2d 1093, 1097 (N.D. Cal. 2006)* [*6] ("The 'sameness requirement does not mandate that the two actions be identical, but is satisfied if they are 'substantially similar.'"). Substantial similarity exists where the two cases rest on identical factual allegations and assert identical or analogous claims. *See Dist. Council, 2006 U.S. Dist. LEXIS 30584, 2006 WL 1305235, at *1*.

Here, both cases arise from Washington Mutual's failure to pay overtime and minimum wages to loan consultants, as well as its failure to comply with California record-keeping requirements. Both cases also allege that Washington Mutual's conduct violated the FLSA, *California Business & Professions Code § 17200*, a California Wage Order and various provisions of the California Labor Code. Accordingly, this case and *Westerfield* will require the Court to determine, among other things, whether Washington Mutual's loan consultants are nonexempt employees, whether the alleged failure to pay minimum wages and overtime violated California law, and whether Washington Mutual failed to maintain records required under California law.

Because this lawsuit and *Westerfield* involve substantially similar issues, transferring this case to the Eastern District of New York will promote judicial economy [*7] and avoid the potential of conflicting judgments regarding whether Washington Mutual's conduct violated California law. Additionally, Washington Mutual has failed to demonstrate that it would suffer any prejudice by a transfer. Accordingly, the Court finds that this case should be transferred under the first-to-file rule.

## IV. CONCLUSION AND ORDER.

For the foregoing reasons, the Court concludes that the first-to-file rule applies and GRANTS Plaintiff's motion to transfer this case to the United States District Court for the Eastern District of New York [Doc. No. 39]. Upon transfer the clerk shall close the district court case file.

**IT IS SO ORDERED.**

**DATE:** November 29, 2007

/s/ Thomas J. Whelan

2007 U.S. Dist. LEXIS 88216, *

**HON. THOMAS J. WHELAN**

United States District Court

Southern District of California