# EXHIBIT P

# TO

# DECLARATION OF ANDREW J. VOSS

In Support of Defendant's Motion to Transfer Venue and Consolidate Certain Plaintiffs with First-Filed Action

Re: <u>Clark v. Ecolab, Inc.</u>
    Court File No. 07-CV-8623 (DLC)

2 of 74 DOCUMENTS

**DENNIS EARLEY, on behalf of himself and all others similarly situated, Plaintiffs, -against- BJ'S WHOLESALE CLUB, INC., Defendant.**

06 Civ. 3529 (WHP)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2007 U.S. Dist. LEXIS 40125

June 4, 2007, Decided
June 4, 2007, Filed

**COUNSEL:** [*1] Fran L. Rudich, Esq., Locks Law Firm PLLC, New York, NY, Counsel for Plaintiffs.

Leonard D. Steinman, Esq., Mark Blondman, Esq., Blank Rome LLP, New York, NY, Counsel for defendant.

**JUDGES:** William H. Pauley III, U.S.D.J.

**OPINION BY:** William H. Pauley

**OPINION**

WILLIAM H. PAULEY III, District Judge:

Dennis Earley ("Plaintiff") moves to transfer this action to the District of Massachusetts. BJ's Wholesale Club, Inc. ("Defendant" or "BJ's") cross-moves for transfer to the Middle District of Pennsylvania. For the following reasons, Plaintiff's motion is granted and Defendant's motion is denied.

*BACKGROUND*

BJ's is a corporation organized and headquartered in Massachusetts that owns and operates approximately 34 retail stores. (Compl. 17.) Plaintiff is a former employee of a BJ's store located in Pennsylvania. (Compl. PP 6, 23.) Plaintiff commenced this action in the Southern District of New York seeking certification of two classes. First, Plaintiff seeks to bring a collective action on behalf of all BJ's employees in the United States who were not paid overtime as required by the Fair Labor Standards Act, *29 U.S.C. § 216(b)* (the "FLSA") between May 9, 2003 and [*2] the present. Plaintiff also seeks to bring this action on behalf of all BJ's employees in Pennsylvania who were denied overtime pay between April 28, 2003 and the present in violation of the Pennsylvania Minimum Wage Act, *43 P.S. §§ 333.101 - 333.115* (the "PMWA") and the Pennsylvania Wage Payment and Collection Law, *43 P.S. § 260.1 et seq.* (the "PWPCL").

At an initial pre-trial conference with the Court on September 12, 2006, the parties agreed that this district was not the most suitable forum for the litigation. They further agreed to confer regarding the possibility of a consensual transfer to another district. On October 13, 2006, having failed to agree on an appropriate venue, the parties filed the instant motions.

*DISCUSSION*

I. *Legal Standard*

*28 U.S.C. § 1404(a)* provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this provision is to prevent waste "of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. [*3] " *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F. Supp. 2d 395, 400 (S.D.N.Y. 2005)* (internal citations and quotations omitted); see also *In re AtheroGenics Sec. Litig., No. 05 Civ. 0061 (RJH), 2006 U.S. Dist. LEXIS 15786, 2006 WL 851708, at *2 (S.D.N.Y. Mar. 31, 2006)*. The decision to transfer an action "lies within the sound discretion of the district court." *Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993)*; see also *Howard v. Four Seasons Hotels, No. 96 Civ. 4587 (LAP), 1997 U.S. Dist. LEXIS 2598, 1997 WL 107633, at *1 (S.D.N.Y. Mar. 10, 1997)*.

A. *Appropriateness of Transferee Forum*

Under § 1404(a), this Court must first determine whether venue would lie in both of the proposed transferee districts. *28 U.S.C. § 1391(b)* provides, in relevant part: "A civil action . . . may . . . be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." Defendant is [*4] a Massachusetts corporation headquartered in that state. Accordingly, it "resides" in the District of Massachusetts for purposes of *§ 1391* and this action could have been brought there. Similarly, because Plaintiff's store was located in Pennsylvania and a significant part of the acts giving rise to his claims occurred there, Plaintiff also could have brought this action in the Middle District of Pennsylvania.

B. *Convenience of Parties and Witnesses*

Since this action could have been brought in Massachusetts or Pennsylvania, this Court must determine the appropriate forum with reference to the convenience of the parties and witnesses. *Howard, 1997 U.S. Dist. LEXIS 2598, 1997 WL 107633, at *1*. In making this determination, the Court looks to factors such as (1) the plaintiff's choice of forum; (2) the place where the operative facts occurred; (3) the convenience of the parties; (4) the convenience of witnesses; (5) the relative ease of access to sources of proof; (6) the availability of process to compel attendance of unwilling witnesses; (7) the forum's familiarity with governing law; and (8) trial efficiency and the interests of justice. *AtheroGenics, 2006 U.S. Dist. LEXIS 15786, 2006 WL 851708, at *2*; [*5] *see also Linzer v. EMI Blackwood Music, Inc., 904 F. Supp. 207, 216 (S.D.N.Y. 1996)* (citing cases). The burden of demonstrating the desirability of transfer lies with the moving party. *Linzer, 904 F. Supp. at 216*; *Hubbell Inc. v. Pass & Seymour, 883 F. Supp. 955, 962 (S.D.N.Y. 1995)*. Ultimately, "motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992)* (internal citations omitted). The Court considers each of the relevant factors *seriatim*.

1. *Plaintiff's Choice of Forum*

"A plaintiff's choice of forum 'is generally entitled to considerable weight and should not be disturbed unless the balance of the factors is strongly in favor of the defendant.'" *AtheroGenics, 2006 U.S. Dist. LEXIS 15786, 2006 WL 851708, at *3* (citing *Berman v. Informix Corp., 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998))*. However, a "plaintiff's choice of forum is a less significant consideration in a (here, putative) class action than in an individual action." *In re Warrick, 70 F.3d 736, 741 n.7 (2d Cir. 1995)*; [*6] *see also Shulof v. Westinghouse Elec. Corp., 402 F. Supp. 1262, 1263*. Moreover, Plaintiff could have filed this action in the Middle District of Massachusetts, but chose instead to proceed in the Southern District of New York--a venue his counsel conceded at the initial pre-trial conference on September 12, 2006 was not the most appropriate for the action. Thus, this factor weighs in favor of Plaintiff, but with considerably less force than it would under other circumstances.

2. *Location of Operative Facts*

Plaintiff alleges a corporate policy of denying overtime pay to employees throughout the United States. Although there has not yet been any discovery on the issue, it is likely that Defendant's national overtime policies were determined at its headquarters in Massachusetts. Moreover, it is undisputed that many of the documents and executives relevant to discovery are located in Massachusetts. On the other hand, the only BJ's store identified with specificity in the Complaint is in Pennsylvania and approximately 500 of the 3000 potential plaintiffs reside in Pennsylvania.

Because Plaintiff's claims focus on the nature and implementation of Defendant's company-wide [*7] overtime policies and not those of the Pennsylvania store in particular, it is likely that most discovery will take place at BJ's headquarters in Massachusetts. Accordingly, this factor weighs in favor of transfer to Massachusetts.

3. *Convenience of the Parties and Witnesses*

Defendant is located in Massachusetts. Only a portion of the stores at issue in this litigation are in Pennsylvania, and those are of limited importance since Plaintiff asserts FLSA claims on behalf of a nationwide class. Thus, convenience of the parties weighs in favor of a transfer to Massachusetts. By contrast, because most of the witnesses in this action will likely be party witnesses, the convenience of witnesses is a neutral factor.

4. *Access to Sources of Proof*

While a nationwide class action invariably involves voluminous document discovery in numerous locales, the single most likely source of relevant documents is Defendant's headquarters in Massachusetts, because that is where Defendant's corporate policies are determined. This fact weighs in favor of a transfer to the District of Massachusetts, albeit marginally. *See In re Stillwater Mining Co. Sec. Litig., No. 02 Civ. 2806 (DC), 2003 U.S. Dist. LEXIS 7983, 2003 WL 21087953, at *5 (S.D.N.Y. May 12, 2003)* [*8] ("While it is true that documents

can be transported from state to state, for purposes of weighing transfer factors, the fact that the documents are all currently located in [the transferee district] favors transfer."); *Ravenswood Inv. Co. v. Bishop Capital Corp.*, No. 04 Civ. 9266 (KMK), 2005 U.S. Dist. LEXIS 1388, 2005 WL 236440, at *6 (S.D.N.Y. Feb. 1, 2005) (noting that superior access to documents is a factor that weighs in favor of transfer, "even if marginally").

5. *Availability of Process*

Because there may be numerous third party witnesses in this action from all over the United States, the availability of process is a neutral factor.

6. *Forum's Familiarity with Governing Law and Trial Efficiency*

"[F]ederal courts have generally favored adjudication of a controversy by the court which sits in the state whose law will provide the rules of decision." *See Royal Ins. Co. of Am. v. United States*, 998 F. Supp. 351, 355 (S.D.N.Y. 1998) (internal quotation and citation omitted). While any district would be presumed to have expertise in adjudicating Plaintiff's FLSA claims, it is indisputable that courts in the Middle District [*9] of Pennsylvania have a greater familiarity with the PMWA and PWPCL than courts in the District of Massachusetts. Thus, this factor weighs in favor of transfer to Pennsylvania.

Based on the foregoing, four factors weigh in favor of transfer to the District of Massachusetts, two weigh in favor of the Middle District of Pennsylvania, and two are neutral. Accordingly, this Court finds that this action should be transferred to the District of Massachusetts.

CONCLUSION

For the foregoing reasons, Plaintiff's motion to transfer venue is granted and Defendant's cross-motion is denied. The Clerk of the Court is directed to transfer this action to the District of Massachusetts.

Dated: June 4, 2007

New York, New York

SO ORDERED:

William H Pauley III

U.S.D.J.