# EXHIBIT R

# TO

# DECLARATION OF ANDREW J. VOSS

In Support of Defendant's Motion to Transfer Venue and Consolidate Certain Plaintiffs with First-Filed Action

Re: <u>Clark v. Ecolab, Inc.</u>
    Court File No. 07-CV-8623 (DLC)

Westlaw.

Slip Copy                                                                                                              Page 1

Slip Copy, 2007 WL 1302985 (N.D.Cal.)
(Cite as: Slip Copy)

C
Evancho v. Sanofi-Aventis U.S. Inc.
N.D.Cal.,2007.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
Lisa EVANCHO, et al., Plaintiffs,
v.
SANOFI-AVENTIS U.S. INC., and Does 1 to 10, Inclusive, Defendants.
No. C 07-00098 SI.

May 3, 2007.

Charles Joseph, Attorney at Law, New York, NY, George R. Kingsley, Darren M. Cohen, Eric B. Kingsley, Kingsley & Kingsley, APC, Encino, CA, Ira Spiro, Spiro Moss Barness LLP, Los Angeles, CA, Aashish Yadvendra Desai, Mower, Carreon & Desai, LLP, Irvine, CA, Claire Kennedy-Wilkins, Jeffrey Lewis, Todd Jackson, Lewis, Feinberg, Lee, Renaker & Jackson, P.C., Oakland, CA, Danielle Evelyn Leonard, Michael Rubin, Rebekah B. Evenson, Eve H. Cervantez, Altshuler Berzon LLP, David Adam Lowe, John T. Mullan, Kenneth John Sugarman, Steven Gary Zieff, Rudy Exelrod & Zieff, LLP, Eve H. Cervantez, James M. Finberg, San Francisco, CA, for Plaintiffs.
Rebecca D. Eisen, Eric Meckley, M. Michael Cole, Morgan Lewis & Bockius, LLP, San Francisco, CA, for Defendants.

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**
SUSAN ILLSTON, United States District Judge.
*1 On April 27, 2007, the Court heard argument on defendant's motion to transfer venue to the District of New Jersey. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS defendant's motion.

**BACKGROUND**

This is a wage and hour violations suit brought by four named plaintiffs on behalf of a putative class against defendant sanofi-adventis U.S. Inc.[FN1] Plaintiffs and all putative class members were employed by defendant as pharmaceutical representatives at all times relevant to the complaint. First Amended Complaint ("FAC") ¶¶ 7-12. The FAC describes four putative classes: a nationwide Fair Labor Standards Act (FLSA) class, a Pennsylvania class bringing Pennsylvania state law claims, a California class bringing California state law claims, and a nationwide Employee Retirement Income Security Act (ERISA) class. See FAC ¶¶ 27-58.

> FN1. The original complaint only named three plaintiffs. After defendant brought this motion plaintiffs filed an amended complaint with a fourth named plaintiff.

There are four named plaintiffs. One resides in the Northern District of California, one in the Central District of California, one in Pennsylvania, and one in Florida. FAC ¶¶ 8-11. Among other claims, plaintiffs contend that they worked hours in excess of forty hours per workweek without receiving overtime compensation. FAC ¶¶ 8-11.

Defendant is a Delaware corporation with its central offices in New Jersey. Declaration of Kelly Byrne (" Byrne Decl.") ¶ 2.[FN2] Defendant's principal place of business is its Bridgewater, New Jersey location, which houses the company's corporate human resources, payroll, benefits, legal, sales operations, marketing, and compliance department. Motion to Transfer Venue ("Mot.") at 2. While defendant has its central offices in New Jersey, it has a "Field Sales operation" which is dispersed across the country, and District Sales Managers located throughout the country. Plaintiffs' Opposition (" Oppo.") at 2. Defendant states that it does not maintain any corporate or regional offices in California. Mot. at 2.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                          Page 2

Slip Copy, 2007 WL 1302985 (N.D.Cal.)
(Cite as: Slip Copy)

FN2. The website for the sanofi-aventis group, en.sanofi-aventis.com, reports that defendant sanofiaventis U.S., Inc. is the United States affiliate of the sanofi-aventis Group, an international organization with almost 100,000 employees worldwide, on 300 sites in 100 countries. The website for sanofiaventis U.S., Inc., www.sanofi-aventis.us, reports that there are approximately 16,000 employees in the United States, of whom approximately 8000 are field sales professionals. The website reports that sanofi-aventis U.S., Inc. maintains 14 geographical sites throughout the U.S., none of which is located in California.

Now before the Court is defendant's motion to transfer venue to the District of New Jersey.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to " prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir.2000).

To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,* 820 F.Supp. 503, 506 (C.D.Cal.1992). Once venue is determined to be proper in both districts, courts evaluate the following factors to determine which venue is more convenient to the parties and the witnesses and will promote the interests of justice: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman,* 157 F.Supp.2d 1103, 1106 (N.D.Cal.2001).

## DISCUSSION

*2 The parties appear to agree that venue would be proper in either this district or the District of New Jersey. The key dispute, therefore, is whether the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. As discussed, courts evaluate several factors in making this determination. On the whole, the balance of factors in this case favors transfer to New Jersey.

### 1. Plaintiffs' Choice of Forum

Defendant asserts that the deference usually given to plaintiffs' choice of forum should be given little to no weight because it is a putative class action. Mot. at 6. The Court finds that plaintiffs' choice of forum in this matter should be accorded some deference.

A plaintiff's choice of forum generally receives deference in a motion to transfer venue. *Lewis v. ABC Business Servs., Inc.,* 135 F.3d 389, 413 (6th Cir.1998). In class actions, however, a plaintiff's choice of forum is often accorded less weight. *See Koster v. Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir.1987) (" Although great weight is generally accorded plaintiff's choice of forum ... when an individual ... represents a class, the named plaintiff's choice of forum is given less weight."). Nonetheless, even in a class action,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                  Page 3

Slip Copy, 2007 WL 1302985 (N.D.Cal.)
(Cite as: Slip Copy)

[i]n judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of both [plaintiff's] and the [defendants'] contacts with the forum, including those relating to [plaintiff's] cause of action.... If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration.

Lou, 834 F.2d at 739 (citations omitted).

Under this guidance, the Court accords plaintiffs' choice of forum some weight. While the putative class members are scattered across the country, one of the named plaintiffs resides in this District and another resides elsewhere in California. FAC ¶¶ 8-11. Furthermore, defendant does not appear to dispute that the California plaintiffs performed much of their work for defendant in California, including in this district. Oppo. at 5; Mot. at 7. Several of plaintiffs' claims are California state law labor claims. Thus, this is not a case where "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter,"Lou, 834 F.2d at 739. Therefore, plaintiffs' choice of forum is accorded some deference.

### 2. Convenience of the Parties and Witnesses and Ease of Access to Evidence

Defendant argues that the convenience of the parties and witnesses, as well as ease of access to the evidence, weigh heavily in favor of transfer. The only named defendant has its principal place of business in New Jersey, and two of the named plaintiffs live on the East Coast. Plaintiffs argue in response that there are no named plaintiffs living or working in New Jersey, there is no New Jersey class, and there has been no showing that any of the putative FLSA class members work in New Jersey. For the following reasons, the Court agrees with defendant that this factor weighs in favor of transfer.

*3 Defendant asserts that more putative class members of the FLSA action work on the east coast than on the west coast.FN3Though the precise numbers are not clear, plaintiffs do not dispute this general fact. Both parties appear to agree that a significant number of class members will be called as witnesses, to provide testimony about the nature of the jobs at issue.

> FN3. The Declaration of Kelly Byrne in Support of Defendant's Motion to Transfer Venue, at ¶ 9, asserts that about 2,398 sales professionals are employed on the east coast (comprising Maine, New Hampshire, Massachusetts, Rhode Island, Connecticut, New York, New Jersey, Delaware, Maryland, Virginia, North Carolina, South Carolina, Georgia and Florida) and about 798 are employed on the west coast (Washington, Oregon and California).

Defendant further argues that many of the key witnesses are located in defendant's New Jersey headquarters, as well as critical documents and other evidence. Defendant states that the key operational and administrative personnel who would testify as to payroll practices and company policies regarding the positions at issue are in New Jersey. In its supporting declarations, defendant identifies the names and locations of the Vice Presidents of Sales, Vice Presidents/Senior Directors of Marketing, relevant Human Resources personnel, District Sales Managers and Regional Sales Directors for three of the four named plaintiffs. See Byrne Decl. ¶¶ 3-11; see also Supplemental Declaration of Kelly Byrne ("Byrne Supp. Decl.") ¶¶ 2-5 (Docket No. 68-1). The majority of these individuals, though not all of them, work in defendant's Bridgewater, New Jersey headquarters. Defendant reports that for plaintiff Evancho, five of those individuals work in the New Jersey headquarters and one works in Columbus, Ohio; for plaintiff Keeler, seven work in the New Jersey headquarters, one works in Scottsdale, Arizona, two work in Atlanta, Georgia, and one works in Palm City, Florida; and for plaintiff Guiriba, eight work in the New Jersey headquarters, two work in Scottsdale, Arizona, one works in Atlanta, Georgia, and one works in San Francisco, California. See Byrne Supp. Decl. ¶¶ 3-5.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 4

Slip Copy, 2007 WL 1302985 (N.D.Cal.)
(Cite as: Slip Copy)

In response, plaintiffs argue that there will likely be witnesses from outside of New Jersey as well, including the four named plaintiffs, other members of the putative classes, and plaintiffs' direct supervisors ("District Sales Managers"). Plaintiffs also argue that because they are party witnesses, the convenience of the corporate witnesses identified by defendant should be afforded less weight.

The Court agrees with plaintiffs that "[t]he reality in nationwide class action suits such as this one is that witnesses live throughout the country."Oppo. at 7:8-9. Nonetheless, it also appears that a large number of critical witnesses live and work in New Jersey, and a greater proportion of the putative class members lives and works on the east coast than on the west coast. The Court therefore finds that the convenience of the witnesses factor weighs substantially in favor of transfer.

Other district courts have reached the same conclusion in similar cases. In *Kettler v. Presstek, Inc.*, No. 3:03:-CV-0846-D, 2003 U .S. Dist. LEXIS 13292, at *1 (N.D.Tex. July 31, 2003), for example, a Texas district court transferred venue in a FLSA case to New Hampshire, where the employer had its principal place of business. The named plaintiff, a former Customer Service Representative for defendant, was a resident of T exas. The defendant employed many Customer Service Representatives around the country. In connection with their motion to transfer venue, the defendant "identifie[d] six anticipated witnesses, and ... specifie[d] the general content of their testimony.... Each works at [defendant's] office in Hudson, New Hampshire."*Id.* at *7. After weighing all of the factors, the court granted the motion to transfer venue.

*4 More recently, the district court for the Southern District of New York transferred venue to New Jersey in a case, like this one, alleging FLSA violations by a New Jersey based pharmaceutical company. See *Freeman v. Hoffman-La Roche Inc.*, No. 06CIV 13497, 2007 WL 895282, at *1 (S.D.N.Y. Mar. 21, 2007). In *Freeman*, the court found that the convenience of the New Jersey-based corporate witnesses was an important factor. *See id.* at *2.

In *Waldmer v. SER Solutions, Inc.*, No. 05-2098-JAR, 2006 U.S. Dist. LEXIS 4934, at *1 (D.Kan. Feb.3, 2006), the district court transferred venue in a somewhat analogous case. There, the defendant was headquartered in Virginia, and had over a hundred employees scattered across the nation. *See id.* at *3. The plaintiff worked in Kansas. *See id.*In support of transfer, the defendants identified three non-party witnesses, and six party witnesses, who resided in Virginia. *See id.* at *10-*15. This fact was important to the court. *See id.*Furthermore, the court noted the fact that "the logical origin of this dispute is Virginia. It was at the company's headquarters in Virginia that [defendant]' s personnel made and implemented the decision to treat plaintiffs as exempt under the FLSA. No company policies were ever established in Kansas." *Id.* at *17. Similarly here, it appears that defendant made most, if not all, of the relevant personnel decisions in New Jersey, at its headquarters. The only difference between this case and *Waldmer* is that here, defendant has not identified any important non-party witnesses who reside in New Jersey.

### 3. Familiarity of Each Forum with the Applicable Law

This factor weighs in favor of the plaintiffs. Both districts are familiar with federal law. However, this Court is more familiar with California law than the District of New Jersey, and neither court can claim more familiarity with Pennsylvania law. Therefore, since there are California state law claims at issue in this case, this factor favors the Northern District of California.

### 4. Remaining Factors

The remaining factors, feasibility of consolidation with other claims, local interest in the controversy, and the relative court congestion and time of trial in each forum, are neutral. There is no evidence of other claims to consolidate. While New Jersey has an interest in the controversy, as the resident state of defendant's headquarters, California has an interest in protecting the rights of the putative

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Page 5

Slip Copy, 2007 WL 1302985 (N.D.Cal.)
**(Cite as: Slip Copy)**

California class members. Finally, the evidence provided by both parties shows that both districts are busy; neither one will provide substantial advantages as far as court congestion.

### CONCLUSION

Viewing the totality of the factors, the Court finds that this case belongs in New Jersey. A larger proportion of the putative nationwide class members resides on the East Coast than the West Coast. Furthermore, the policies and practices of defendants that underlie this action originated largely at defendant's headquarters in New Jersey. For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to transfer venue. [Docket 14] All other pending motions [defendant's motion to dismiss,19, 59, 70, and plaintiffs' motion re collective action/notice,45, 56] are deferred pending transfer.

*5 Plaintiffs earlier expressed concern that the statute of limitations on class members' FLSA claims was being adversely affected by the delay in sending notice occasioned by defendant's motion to change venue. Accordingly, this Court previously tolled the FLSA statute of limitations for two weeks, from May 18, 2007 to June 1, 2007. For similar reasons, this Court tolls the statute of limitations for an additional four week period, from June 1, 2007 until June 29, 2007, to avoid collateral prejudice caused by this transfer order.

As a final matter, the Court must also address the " supplemental memorandum" filed by plaintiffs on April 27, 2007, after hearing on this motion was held. In the supplemental memorandum, plaintiffs request that the Court consider severing and retaining the California state law claims, and the federal claims of California class members. The Court agrees with defendant that plaintiffs' supplemental memorandum is both procedurally improper and substantively unconvincing. Plaintiffs provide no explanation for their failure to raise this proposal in the normal course of briefing, or at the very least, prior to the hearing. Moreover, the Court finds that severing the class would run contrary to the interests of the courts, and the interests of the

class itself. The Court therefore DENIES plaintiffs' request to sever. [Docket No. 77]

**IT IS SO ORDERED.**

N.D.Cal.,2007.
Evancho v. Sanofi-Aventis U.S. Inc.
Slip Copy, 2007 WL 1302985 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.