| | |
|---|---|
| **OUTTEN & GOLDEN LLP** <br> Adam T. Klein (AK 3293) <br> Justin M. Swartz (JS 7989) <br> Jack A. Raisner (JR 6171) <br> Carmelyn P. Malalis (CM 3350) <br> Rachel M. Bien (RB 6919) <br> 3 Park Avenue, 29th Floor <br> New York, New York 10016 <br> Telephone: (212) 245-1000 | **GETMAN LAW OFFICE** <br> Dan Getman (DG 4613) <br> Michael J.D. Sweeney (MS 7959) <br> Matthew Dunn (MD 1103) <br> Tara Bernstein (TB 7733) <br> 9 Paradies Lane <br> New Paltz, New York 12561 <br> Telephone: (845) 255-9370 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MICHAEL CLARK, DAVID STARKMAN, FRANCO DESIMONE, and JOHN DINISI, individually and on behalf all others similarly situated,

                Plaintiffs,

    v.

ECOLAB, INC.,

                Defendant.

Case No. 07-8623 (DLC)

**DECLARATION OF JUSTIN M. SWARTZ**
**IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**
**VENUE AND CONSOLIDATE CLASS CLAIMS**

    Pursuant to 28 U.S.C. § 1746, I, Justin M. Swartz, an attorney under penalty of perjury, hereby declare that the foregoing is true and correct:

    1.    I am a partner at Outten & Golden LLP, co-counsel to Plaintiffs in the above-referenced action, and an attorney in good standing admitted to practice in the State of New York and before this Court.

    2.    I make this declaration in connection with Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion To Transfer Venue and Consolidate Class Claims.

3. I am fully familiar with the facts and circumstances of this matter and I make the representations herein based upon my personal knowledge or upon the documents that are of record in this matter.

4. Attached hereto as **Exhibit 1** is a true and accurate copy of the Civil Cover Sheet filed with the Southern District of New York on October 4, 2007.

5. Attached hereto as **Exhibit 2** is a true and accurate copy of the email from me to Marlon Ovalles, Courtroom Deputy to the Honorable Paul A. Crotty dated October 15, 2007, requesting that Judge Crotty designate this case as a related case to *Masson v. Ecolab, Inc.,* 04 Civ. 4488 ("*Masson*") and *English v. Ecolab, Inc.*, 06 Civ. 5672 ("*English*") based on the following facts:

> (1) the Defendant is the same in all cases; (2) one of the legal claims, the [Fair Labor Standards Act ('FLSA')] overtime claim, is the same in all cases; (3) the facts giving rise to some of the California law overtime claims in this case are the same as the facts giving rise to some of the FLSA claims in *Masson* and *English*; and (4) the proposed Rule 23 class in [this case] includes all opt-in California Plaintiffs in *Masson* and all potential opt-in California Plaintiffs in *English*.

6. Attached hereto as **Exhibit 3** is a true and accurate copy of the email from Jeffrey Brecher, Ecolab's counsel in *Masson* and *English*, to Michael Sweeney, Plaintiffs' co-counsel, dated October 17, 2007.

7. While litigating *Masson* and *English*, Ecolab has never, to my knowledge, made any objection to the Southern District of New York as a venue despite the fact that Ecolab's Institutional division, in which *Masson* plaintiffs worked, is based out of Minnesota, and Ecolab's Pest Elimination division, in which *English* plaintiffs worked, is based out of North Dakota.

8. Lawyers for both parties in *Masson* and *English* have traveled to New York, California, Connecticut, Florida, Georgia, Idaho, Illinois, Minnesota, Michigan, Nebraska, New

2

Jersey, Ohio, Oklahoma, Pennsylvania, Texas, and Washington in order to take or defend depositions and conduct other types of discovery. For example, Ecolab has produced its 30(b)(6) witnesses in Minneapolis, Minnesota, its corporate headquarters, and New York City.

9. It is my understanding that Ecolab has also electronically produced tens of thousands pages of documents to the plaintiffs in *Masson* and *English*.

10. In July 2007, the parties in *English* finished fully briefing motions for summary judgment. The parties' motions were argued in front of Judge Paul A. Crotty on November 15, 2007.

11. Attached hereto as **Exhibit 4** is a true and accurate copy of relevant pages from the transcript of the court conference before Judge Paul A. Crotty in *English v. Ecolab, Inc.*, 06 Civ. 5672, held on November 15, 2007.

12. To date, 33 individuals ("Opt-in Plaintiffs") have joined this case by filing "Consent to be a Party Plaintiff" forms. These Opt-in Plaintiffs worked in several Ecolab divisions, including Kay, Institutional, Pest Elimination, Service Solutions, and GCS Service, and reside or worked in the following states: New York, California, Hawaii, Alaska, Rhode Island, Connecticut, New Jersey, Colorado, Texas, Utah, Michigan, and Florida.

13. New York is a convenient forum for this action. Plaintiffs and the Opt-in Plaintiffs have all chosen the Southern District of New York as the forum in which to bring their claims. Named Plaintiff John Dinisi lives in New York. Two Opt-in Plaintiffs also live in New York. Plaintiffs expect that other individuals who live in New York will also file consents in this case and become Opt-in Plaintiffs.

14. New York is also a convenient location for this action because potential witnesses include, for example, managers who reside in New York and supervised hours worked in New

York work locations, and employees who reside in New York and witnessed the overtime work and the managers' acknowledgement of overtime work completed by the plaintiffs.

15. There has been no discovery regarding Plaintiffs' well-pled class and collective allegations.

16. Plaintiffs will soon seek leave to file a second amended class action complaint, which, Plaintiffs expect, will not add new substantive factual allegations, but will simply add additional putative class representatives who reside in New York, as well as putative class representatives from other states and their state law claims.

17. On January 3, 2008, I emailed defense counsel Andrew Voss to inform Defendant that Plaintiffs would seek leave to file a second amended class action complaint. A true and accurate copy of the email is attached hereto as **Exhibit 5**.

18. On January 10, 2008, I spoke with Mr. Voss regarding Plaintiffs' intention to file a second amended class action complaint, and Plaintiffs' request that Defendant withdraw its motion pending Plaintiffs' application for leave to file a second amended class action complaint. According to Mr. Voss, he expected that his client would instruct him to oppose any amendment that added new plaintiffs who have worked in Ecolab's Institutional division, the division in which Plaintiffs David Starkman and John Dinisi worked. He said that Defendant would not withdraw its motion pending Plaintiffs' application, and that he would not tell me definitively whether Defendant opposed Plaintiffs' application until after he had an opportunity to review the second amended class action complaint.

19. Attached hereto as **Exhibit 6** is a true and accurate copy of the printed out webpage from Ecolab's website, last accessed on January 10, 2008, at the site http://www.ecolab.com/Investor/Annual_Reports.asp, by going to the weblink entitled

"Description of Business and Financial Highlights" under the heading "2006 ANNUAL REPORT."

20. Attached hereto as **Exhibit 7** is a true and accurate copy of relevant pages from Ecolab's annual reports for the years 1996-2006, last accessed on January 8, 2008, by following links to the annual reports at http://www.ecolab.com/Investor/Annual_Reports.asp.

21. Attached hereto as **Exhibit 8** is a true and accurate copy of the printed out webpage from Ecolab's website, last accessed on January 15, 2008, at the site: http://www.ecolab.com/Publications/Factbook/businessoverview.pdf, or by going to Ecolab's Company Profile on its homepage, then following links for Publications, then Fact Book, and then Business Overview.

22. Attached hereto as **Exhibit 9** is a true and accurate copy of the printed out webpage from Ecolab's website, last accessed on January 15, 2008, at the site http://www.ecolab.com/CompanyProfile/.

23. Attached hereto as **Exhibit 10** is a true and accurate copy of the printed out webpage from Ecolab's website, last accessed on January 15, 2008, at the site http://www.ecolab.com/Investor/Annual_Reports.asp by going to the weblink entitled "Board of Directors and Corporate Officers" under the heading "2006 ANNUAL REPORT."

Dated: New York, New York
       January 15, 2008

                             Respectfully submitted,

                             **OUTTEN & GOLDEN LLP**

                             By:  /s/ Justin M. Swartz
                                  Justin M. Swartz (JS 7989)
                                  Adam T. Klein (AK 3293)
                                  Jack A. Raisner (JR 6171)

Carmelyn P. Malalis (CM 3350)
Rachel M. Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**GETMAN LAW OFFICE**
Dan Getman (DG 4613)
Michael J.D. Sweeney (MS 7959)
Matthew Dunn (MD 1103)
Tara Bernstein (TB 7733)
9 Paradies Lane
New Paltz, New York 12561
Telephone: (845) 255-9370

**Counsel to Plaintiffs and the Putative Class**