**LITTLER MENDELSON, P.C.**
885 Third Avenue, 16th Floor
New York, New York 10022-4834
212.583.9600

Counsel for Defendant
ECOLAB INC.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CIVIL ACTION NO. 07-8623 (DLC)

MICHAEL CLARK, DAVID STARKMAN,
FRANCO DESIMONE, and JOHN DINISI,
individually and on behalf of all other similarly
situated employees,

       Plaintiffs,

v.

ECOLAB, INC.,

       Defendant.
_____/

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO TRANSFER VENUE AND CONSOLIDATE**
**CERTAIN PLAINTIFFS WITH FIRST FILED ACTION**

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION..................................................................................................................1

LEGAL ARGUMENT ...........................................................................................................2

I.  PLAINTIFFS ARE NOT ENTITLED TO DISCOVERY TO "TEST" ECOLAB'S EVIDENCE..................................................................................................................2

    A.  Courts Routinely Resolve Motions Under Section 1404(a) Without Resort To Discovery...............................................................................................2

    B.  Plaintiffs Offer No Plausible Legal Basis For Discovery .....................................3

    C.  Plaintiffs' "Class Certification" Arguments Are A Distraction – and Should Be Ignored ..................................................................................................4

II. ECOLAB'S REQUESTED RELIEF IS AUTHORIZED BY STATUTE, CASE LAW, AND THIS COURT'S LOCAL RULES ...................................................5

    A.  Ecolab Seeks Transfer Of The "Civil Action" As That Term Is Used In Section 1404 ..................................................................................................5

    B.  Plaintiffs Do Not Contest The Substance Of The "First Filed" Rule As Applied To Plaintiff Dinisi And Starkman's Claims ..........................................6

III. PLAINTIFFS CANNOT REFUTE THAT TRANSFERRING VENUE SERVES THE CONVENIENCE OF THE PARTIES AND WITNESSES....................................7

    A.  Plaintiffs' Choice of Forum Is Entitled To Little Weight .....................................7

    B.  Plaintiffs Offer No Evidence To Suggest New York Is A More Convenient Forum For This Litigation ..................................................................8

    C.  Ease of Access to Sources of Proof Favors Transfer ..........................................10

CONCLUSION...................................................................................................................10

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Alcoa Steamship Co., Inc. v. M/V Nordic Regent*,
   654 F.2d 147 (2nd Cir. 1981) ..................................................................................................2

*Black Diamond Sportswear, Ltd. v. Black Diamond Equipment, Inc.*,
   Case No 1:03-cv-278, 2004 U.S. Dist. LEXIS 1328 (D. Vt. 2004) ........................................2

*Butcher v. Gerber Prods.*,
   Case No. 98-1819, 1998 U.S. Dist. LEXIS 11869 (S.D.N.Y. 1998) ......................................4

*Collins & Aikman Corp. Sec. Litig.*,
   438 F. Supp. 2d 392 (S.D.N.Y. 2006) ...................................................................................10

*Controlotron Corp. v. Perry Printing Corp.*,
   1990 U.S. Dist. LEXIS 7629 (D.N.H. 1990) ..........................................................................3

*DiRienzo v. Phillip Servs. Corp.*,
   294 F.3d 21 (2nd Cir. 2002) ....................................................................................................7

*Evancho v. Sanofi-Aventis*,
   Case No. C- 07-00098 SI, 2007 WL 1302985 (N.D. Cal. 2007) ............................................8

*Foster v. Nationwide Mutual Ins. Co.*,
   Case No. 07-4928 (N.D. Cal. 2007) ........................................................................................8

*Glass v. S&M NuTec, Inc.*,
   456 F. Supp. 2d 498 (S.D.N.Y. 2006) ............................................................................. 4-5, 9

*Gould v. Cornelius Co.*,
   258 F. Supp. 701 (N.D. Okla. 1966) .......................................................................................7

*Hill v. Golden Corral Corp.*,
   Case No. 98-CV-7872, 1999 U.S. Dist. LEXIS 7994 (E.D.N.Y. 1999) .................................7

*In re Am Cont'l Corp*,
   102 F.3d 1524 (9th Cir. 1996) .................................................................................................3

*Jones v. Walgreen Co.*,
   463 F. Supp.2d 267 (D. Conn. 2006) ...................................................................................2, 4

*Montgomery v. TAP Enterprises, Inc.*,
   Case No. 06-5799, 2007 U.S. Dist. LEXIS 27102 (S.D.N.Y. 2007) ......................................8

*Neil Bros Ltd. v. World Wide Lines, Inc.*,
   425 F. Supp.2d 325 (E.D.N.Y. 2006) .....................................................................................8

*Onyeneho v. Allsate Ins. Co.*,
   466 F. Supp.2d 1 (D.D.C. 2006) ......................................................................................... 7-8

*Oppenheimer Fund, Inc. v. Sanders*,
   437 U.S. 340 (1978) ................................................................................................................3

*Quan v. Computer Sciences Corp.*,
   Case No. 06-3927, 2008 U.S. Dist. LEXIS 1360 (E.D.N.Y. 2008) ............................... 2, 9-10

*Regents of the University of California v. Howmedica, Inc.*,
   Case No. 75-1174, 1976 U.S. Dist. LEXIS 16289 (D. Md. 1976) .........................................7

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Roberti v. Longworth*,
   164 F. Supp. 2d 395 (S.D.N.Y. 2001) ...................................................................................3, 4

*Total Filtration Servs. v. A.T. Kearney, Inc.*,
   Case No. 3:06-0624, 2006 U.S. Dist. LEXIS 90474 (D. Tenn. 2006) ......................................3

*Wyndham Assocs. v. Bintliff*,
   398 F.2d 614 (2nd Cir. 1968) .................................................................................................5, 6

**STATUTES**

28 U.S.C. § 1404............................................................................................................... *passim*

28 U.S.C. § 1404(a).................................................................................................................. 1-3

28 U.S.C. § 1407....................................................................................................................3, 8

**RULES**

Eastern District Rule, 50.3...........................................................................................................6

Rule 26.........................................................................................................................................3

Rules For The Division Of Business Among District Judges in the Southern
   District, Nos 15, 22, 27 ............................................................................................................6

**INTRODUCTION**

The venue statute permits this Court to consider "the convenience of parties and witnesses" and "the interest of justice" when deciding whether to transfer a civil action to another district court. Rather than focusing on the factors used to determine this question, Plaintiffs simply insist that they chose this District, and therefore, their choice should govern. Their response is devoid of any evidence supporting the convenience of this District as a forum to litigate the specific claims at issue. Equally compelling: nowhere in their 22-page brief do Plaintiffs dispute the specific and detailed evidence concerning the location of witnesses, documents, and operative events, and relative conveniences of the parties – all of which support the Middle District of North Carolina as a more convenient forum.

Plaintiffs' circular assertion that New York is convenient because plaintiffs filed here is entitled to no weight under the circumstances. Plaintiffs had a full opportunity to respond with competent evidence supporting their choice of venue vis-à-vis the relevant Section 1404(a) factors; their failure to do so simply underscores the fact that this venue has no connection to the parties and facts of this case, let alone provide convenience to anyone but Plaintiffs' counsel. Plaintiffs' assertion that they are entitled to discovery prior to resolution of this motion is without foundation in case law and flies in the face of the logic and policies underlying the venue statute.

Finally, Plaintiffs utterly fail to contest Ecolab's assertion that Plaintiffs Starkman and Dinisi's claims are encompassed by the pending first-filed *Masson* litigation and should be tried in that action on the basis of the "first filed" rule. Contrary to Plaintiffs' assertion, this argument is fully consistent with Ecolab's previously-stated position, and Judge Crotty's ruling, that this action is unrelated *insofar as it involves plaintiffs employed by Kay*. As plaintiffs concede (Pl. Br. p. 3. n.4), at the time Judge Crotty considered relatedness, Plaintiff Clark, a Kay employee, was the only named plaintiff.

In reality, the relevant Section 1404 factors support transfer regardless of whether Starkman and Dinisi's claims are consolidated with *Masson*. Since Section 1404 does not require that a civil action be transferred "as originally brought," there is no procedural impediment to the procedural course of action Defendant proposes, which best serves the interests of justice and the convenience of the parties.

## LEGAL ARGUMENT

**I.   PLAINTIFFS ARE NOT ENTITLED TO DISCOVERY TO "TEST" ECOLAB'S EVIDENCE.**

    **A.   Courts Routinely Resolve Motions Under Section 1404(a) Without Resort to Discovery.**

In the absence of actual evidence to support the convenience of this forum, Plaintiffs complain that they need to conduct discovery – and on this basis, Ecolab's motion should be denied. As the Second Circuit has noted, however, "it is the well established practice in the Southern District of New York to decide [venue transfer] motions on affidavits." *Alcoa Steamship Co., Inc. v. M/V Nordic Regent*, 654 F.2d 147, 158 (2nd Cir. 1981). *See Quan v. Computer Sciences Corp.*, Case No. 06-3927, 2008 U.S. Dist. LEXIS 1360 (E.D.N.Y., Jan. 8, 2008) (transfer motion resolved on basis of defendants' declarations); *Jones v. Walgreen Co.*¸ 463 F. Supp.2d 267, 278 n. 4 (D. Conn. 2006) (deciding motion to transfer without discovery); *cf., Black Diamond Sportswear, Ltd. v. Black Diamond Equipment, Inc.*, Case No. 1:03-cv-278, 2004 U.S. Dist. LEXIS 1328 (D. Vt. 2004) (staying discovery pending resolution of transfer motion; "it is common for district courts to stay discovery when resolution of a preliminary matter may dispose of an entire case."). "Discovery" is neither necessary or appropriate here. Either Plaintiffs can prove that their claims are more conveniently litigated in this District, or they cannot.

- 2 -

### B.     Plaintiffs Offer No Plausible Legal Basis for Discovery.

Plaintiffs cite a number of cases (Pl. Br. pp. 21-22) in an attempt to manufacture an argument that they are entitled to discovery.  These citations are disingenuous at best.  Plaintiffs cite *In re Am Cont'l Corp*, 102 F.3d 1524, 1543 (9th Cir. 1996), for the supposed proposition that "venue transfer motions are seldom considered before discovery closes."  (Pl. Br. at p. 21.)  This statement, culled from the dissenting opinion, makes no sense in light of the clear intent behind Section 1404 (efficiency and convenience) and the overwhelming case law deciding such motions at the earliest stages of litigation.  *In re Am Cont'l Corp.* involved complex procedural questions concerning the role of the Judicial Panel On Multi-District Litigation, and 28 U.S.C. § 1407, which authorizes transfer of separate actions involving one or more common questions of fact to one district for "coordinated or consolidated pretrial proceedings."  The issue referenced in the quote was whether and when it would be appropriate for a multi-district litigation transferee court to transfer a case *to itself* pursuant to Section 1404(a) for trial purposes, after having received a transfer for consolidated discovery pursuant to Section 1407.  102 F.3d at 1540-44.[1]

Plaintiffs cite *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) for the proposition that "discovery is available to ascertain the facts bearing on threshold issues, including venue." (Pl. Br. at p. 22.)  The Court's statement in *Oppenheimer* was merely an observation about the scope of permissible discovery under Rule 26, not whether such discovery was a necessary precondition to responding to a Section 1404 motion.  The cases *Controlotron Corp. v. Perry Printing Corp.*, Case No. 90-356, 1990 U.S. Dist. LEXIS 7629 (D.N.H. 1990) and *Roberti v. Longworth*, 164 F. Supp. 2d 395 (S.D.N.Y. 2001) are likewise distinguishable.  *Controlotron*

---

[1] The context of Judge Kozinski's statement is unmistakable.  *See* 102 F.3d at 1544 n. 6 (noting the "habitual procrastination of venue transfer motions by MDL courts.").  Plaintiffs' reliance on *Total Filtration Servs. v. A.T. Kearney, Inc.*, 2006 U.S. Dist. LEXIS 90474 (D. Tenn December 13, 2006), which simply parrots the mis-quoted passage from Judge Kozinski, is likewise misplaced.

focused on the narrow issue of whether plaintiff was entitled to discovery regarding whether the defendant had sufficient contacts to support *in personam* jurisdiction where the court had been presented with conflicting affidavits. Here, of course, there is no issue of personal jurisdiction, and no conflicting affidavits, because Plaintiffs have offered no evidence to contest Ecolab's motion. *Roberti* is distinguishable because it is clear that the court had no facts to consider the question of venue transfer. Instead, the plaintiff was attempting to transfer venue because the defendant had recently removed the action to a district different than the one in which the state court action had been pending. In contrast to *Roberti*, this Court has before it significant relevant factual evidence bearing on the Section 1404 factors – which strongly supports venue transfer.

### C. Plaintiffs' "Class Certification" Arguments Are a Distraction – and Should be Ignored.

Plaintiffs suggest that Ecolab's motion somehow impermissibly adjudicates their class and collective allegations. Of course, transferring this case to North Carolina imposes no such result, and case law is clear that it is appropriate, indeed preferable, to have the Court resolve the venue issue prior to addressing class certification issues. As the court in *Jones* acknowledged, "[m]otions to transfer are typically considered at an early stage in a case." 463 F. Supp.2d at 271. The court in *Jones* confronted the issue of timing in a situation where the plaintiff raised class allegations implicating policies and practices, witnesses and evidence, emanating from the defendant's headquarters. The court found it appropriate to resolve the transfer question first, as "the numerous issues raised by class certification are best left to the court that will have the responsibility of managing the discovery, case schedule, motion practice, and trial." 463 F. Supp. 2d at 272. Critically, the *Jones* court also noted that it was "unable to find any reported decision in which a court delayed ruling on a motion to transfer until class certification issues were resolved." 463 F. Supp.2d at 273. In contrast, the court, relying on cases from this District, found support for its conclusion that a motion under 28 U.S.C. § 1404 should be considered prior

to issues relating to class certification. *Id., citing Butcher v. Gerber Prods.*¸ Case No. 98-1819, 1998 U.S. Dist. LEXIS 11869 (S.D.N.Y. 1998) and *Glass v. S&M NuTec, Inc.,* 456 F. Supp. 2d 498 (S.D.N.Y. 2006).

Plaintiffs' cases (Pl. Br. pp. 7-8) and arguments regarding class certification also miss the mark. Those cases concern whether plaintiff was entitled to discovery on the merits of class certification, and whether certification was properly denied in the first instance. That is not the issue. Plaintiffs will certainly be entitled to conduct discovery in support of their class claims, nor would transfer deny Plaintiffs the right to proceed on a class basis.

## II. ECOLAB'S REQUESTED RELIEF IS AUTHORIZED BY STATUTE, CASE LAW, AND THIS COURT'S LOCAL RULES.

### A. Ecolab Seeks Transfer of the "Civil Action" as that Term is Used in Section 1404.

Ecolab is certainly not seeking to transfer a "carved-out portion" of this case to North Carolina. Instead, it seeks to consolidate plaintiffs Starkman and Dinisi with the first-filed and undisputedly related *Masson* case, and then transfer *this entire action* to the Middle District of North Carolina.[2] Plaintiffs argue, citing *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2nd Cir. 1968), that "Section 1404 does not permit courts to transfer only part of an action." *Wyndham* actually supports Ecolab's proposed course of action in this case. The *Wyndham* court noted that a party may not sever "properly joined" claims in order to facilitate a transfer. The same court found, however, that the statute's reference to "civil action" does not necessarily mean "the action as originally brought," and thus the statute did, as a practical matter, authorize transfer of an

---

[2] Plaintiffs raise a phantom argument that granting Ecolab's requested relief would result in "the same class and collective claims would be litigated in two states." Pl. Br. at 19. The claims of the Kay plaintiffs and the claims of the *Masson* plaintiffs are neither "parallel" nor "the same" – plaintiffs do not dispute that the respective groups held different positions in different Ecolab operating divisions. Thus, there is no potential for inconsistent rulings. Moreover, to the extent Plaintiff Clark has inappropriately attempted to join employees from other operating divisions that is an issue for resolution by the transferee district.

- 5 -

action involving fewer/different parties than those originally before the court. 398 F.2d at 618. Based on that principle, the court in *Wyndham* severed a party and transferred the case to a more convenient forum. *Id.*

In this case, Ecolab has shown that Plaintiffs Starkman and Dinisi's claims (as former institutional route managers) belong in *Masson* because that case was first-filed and those particular plaintiffs have alleged claims that fall within the scope of the class conditionally certified in that case. Whether couched in terms of the "first filed" rule, severance, or reassignment of related cases, this Court has ample procedural and precedential support to consolidate the claims of those institutional route managers with the claims of other institutional route managers in *Masson*.

### B. Plaintiffs Do Not Contest the Substance of the "First Filed" Rule as Applied to Plaintiff Dinisi and Starkman's Claims.

Plaintiffs offer only a cursory response to Ecolab's "first filed" argument. They do not dispute any of Ecolab's factual assertions concerning the relatedness of Plaintiffs Starkman and Dinisi's claims to those raised in the first-filed *Masson* litigation. Likewise, Plaintiffs do not dispute Ecolab's application of the "first filed" rule to these facts. All Plaintiffs can muster is a semantic argument that the "first filed" rule does not apply to cases pending within the same district court. This argument makes no sense, given the legal underpinnings of the "first filed" rule – designed to guard against repetitive adjudication of the same claims between the same parties. While "first filed" cases typically do involve two different judicial districts, Plaintiffs cite no cases holding that the rule cannot apply to pending actions within the same district. Indeed, this District's local rules concerning re-assignment of related cases (mirroring those found in most other federal district courts), essentially <u>codify</u> the doctrine of the first-filed rule.[3] Plaintiffs

---

[3] *See, e.g.,* Rules For The Division Of Business Among District Judges in the Southern District, Nos 15, 22, 27. The Eastern District has an analogous operating rule, 50.3, codifying principles

should not be allowed to avoid the impact of this rule by burying clearly related claims in an otherwise unrelated action.

### III. PLAINTIFFS CANNOT REFUTE THAT TRANSFERRING VENUE SERVES THE CONVENIENCE OF THE PARTIES AND WITNESSES.

#### A. Plaintiffs' Choice of Forum Is Entitled to Little Weight.

Plaintiffs identify no witnesses or documents residing in this District, nor any events which would tie this litigation to this District. Instead, they rest on their circular assertion that "inherent in their choice is their assertion that New York is a convenient forum for them." (Pl. Br. 14). Plaintiffs must do more than simply say so. Motions under Section 1404 are decided on evidence, not unsupported argument.[4]

Plaintiffs fail to rebut Ecolab's argument regarding the utter lack of any nexus between this District, the parties, and the events at issue in this litigation. Their mere recitation of the general rule regarding deference rings hollow, and their cases are inapposite. *See Hill v. Golden Corral Corp.*, Case No. 98-CV-7872, 1999 U.S. Dist. LEXIS 7994 (E.D.N.Y. 1999) (deference warranted because plaintiff resided in district and identified witnesses who resided in district); *DiRienzo v. Phillip Servs. Corp.*¸ 294 F.3d 21 (2nd Cir. 2002) (deference warranted where plaintiff resided in forum, and case had already been transferred there pursuant to 28 U.S.C. § 1407).

---

of the "first filed" rule.

[4] Plaintiffs assert that because two of the 33 individuals who have "opted in" to this litigation are New York residents, this should weigh in favor of maintaining venue in this District. Pl. Br. at 14. The two opt-ins plaintiffs reference are <u>institutional route managers</u> who, like Starkman and Dinisi, are encompassed by the *Masson* litigation. In fact, <u>17 institutional route managers</u> have signed consent forms to join this litigation, despite receiving notice and the opportunity to join the *Masson* litigation. (Hayes Decl., ¶ 6). Counsel's strategy to have multiple courts address their class theories on behalf of the same group of employees certainly does not serve the principle of judicial economy, and illustrates forum-shopping at its most elementary level. Similarly, Plaintiffs' thinly-veiled ruse of alluding to a yet unfiled motion to amend, presumably to add New York plaintiffs, should be rejected as an attempted end-run around Defendant's motion. *Regents of the University of California v. Howmedica, Inc.*, 1976 U.S. Dist. LEXIS 16289 (D. Md. 1976) (disregarding motion to amend filed after motion to transfer, where raised in attempt to defeat transfer); *Gould v. Cornelius Co.*¸ 258 F. Supp. 701, 702-03 (N.D. Okla. 1966) (same).

Plaintiffs also curiously cite *Onyeneho v. Allsate Ins. Co.*¸ 466 F. Supp.2d 1 (D.D.C. 2006), a case which strongly supports Defendant's argument.  In *Onyeneho*, the court *rejected* the plaintiff's choice of forum, given the fact that the other Section 1404 factors supported transfer. 466 F. Supp.2d at 5.  In fact, contrary to Plaintiffs' characterization of the case, the court *rejected* the plaintiff's argument that the court should accord deference based on the fact that it was pled as an FLSA collective action.  *Id.*, 466 F. Supp.2d at 6, n.2.  ("[t]he fact that the case has been designated a collective action under the FLSA is of little importance in the face of numerous other factors weighing strongly in favor of transfer...").  Indeed, FLSA plaintiffs are accorded no special deference in their choice of venue when the relevant Section 1404 factors point away from plaintiffs' choice.  *Montgomery v. TAP Enterprises, Inc.*, Case No. 06-5799, 2007 U.S. Dist. LEXIS 27102 (S.D.N.Y. February 26, 2007); *Evancho v. Sanofi-Aventis*, 2007 WL 1302985 (N.D. Cal. 2007); *Foster v. Nationwide Mutual Ins. Co.*, Case No. 07-4928 (N.D. Cal., Dec. 14, 2007).

### B. Plaintiffs Offer No Evidence to Suggest New York is a More Convenient Forum for this Litigation.

Plaintiffs offer no evidence whatsoever that North Carolina is less convenient than New York.  Clark and Desimone themselves live over 2,500 miles from the Southern District of New York.[5]  Potential FLSA class members live in 42 different states, the vast majority of whom, 95%, live outside of New York.  By definition, the state law classes Clark and Desimone purport to define (classes resident in California, Oregon, and Washington) implicate current and former

---

[5] Other courts have rejected the argument that electronic discovery somehow undercuts the "access to proof" prong, where the evidence shows that relevant documents exist in the proposed transferee district.  *Montgomery v. TAP Enterprises, Inc.*, 2007 U.S. Dist. LEXIS 12702 at *14. Similarly, Plaintiffs' "relative means" argument misses the mark.  Plaintiffs have not argued that it would be more inconvenient for them to litigate in the Middle District of North Carolina.  *Neil Bros Ltd. v. World Wide Lines, Inc.*, 425 F. Supp.2d 325, 331 (E.D.N.Y. 2006) (noting that a party seeking to rely on this factor "must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances").

Ecolab and/or Kay employees <u>outside</u> of New York.

Plaintiffs neither identify any key witnesses who reside in this District, nor do they dispute the specific witness identification (and related areas of testimony) that Ecolab offers.[6] Plaintiffs' argument devolves into a claim that they need discovery to "test" the declarant's credibility concerning her assertions regarding persons with relevant knowledge, and their location. For the reasons discussed above, Plaintiffs have no such right, particularly where they have failed to offer any evidence relating to the Section 1404 factors.[7] In light of the dearth of any evidence concerning the convenience of North Carolina vis-à-vis Plaintiffs themselves, the Court cannot credit their bald assertion that transfer "shifts the convenience to Ecolab." (Pl. Br. at 16.) Under similar circumstances, courts find venue transfer to be entirely appropriate, in light of the absence of any connection between the forum and potential witnesses. *See Glass v. S&M Nutec, Inc.*, 456 F. Supp. 2d 498 (S.D.N.Y. 2006) (transferring action to district encompassing defendant's headquarters, location of relevant documents and witnesses); *Quan v. Computer Sciences Corp., et. al.*, 2008 U.S. Dist. LEXIS 1360 (E.D.N.Y., Jan. 8, 2008); *and* cases cited in Defendant's opening brief, pp. 14-15.

---

[6] In this regard, the contrast between Plaintiffs' conclusory, non-specific evidence (Swartz Dec. ¶ 14) and Defendant's evidence (*See Generally* Declaration of Stephanie E. Johnson) could not be more stark. The relative weight of such evidence is obvious. *Quan v. Computer Sciences Corp.*, 2008 U.S. Dist. LEXIS 1360 (E.D.N.Y., Jan. 8, 2008) (crediting defendant's specific evidence regarding location of witnesses over plaintiff's "speculation that some absent members of the putative class may live in New York").

[7] Plaintiffs' effort to marginalize the relative importance of the Kay witnesses' testimony is simply disingenuous. Their bald assertion (Pl. Br. 12- 13) that most witnesses and documents are likely outside the Middle District of North Carolina has no basis in fact, and is contradicted by Defendant's specific evidence to the contrary. Plaintiffs do not dispute that Desimone and Clark work within Ecolab's Kay division, which is headquartered in Greensboro, North Carolina. Ecolab has never asserted that "Kay is a completely separate company" nor is such the basis for Ecolab's assertion that venue transfer is appropriate. The real issue is that Kay is a separate operating subsidiary, with its own headquarters, its own management team, and its own policies relating to the classification of the individuals at issue in this case. It is undisputed that the Kay management witnesses, and at least one non-party witness, reside in or around Greensboro. (Johnson Dec. ¶¶ 10, 13.)

### C. Ease of Access to Sources of Proof Favors Transfer.

Again, Plaintiffs offer no evidence that access to sources of proof is made easier in this District. Plaintiffs falsely claim that "Ecolab has made no assertion that documents relevant to non-payment of overtime are housed in North Carolina, as opposed Minnesota." (Pl. Br. at 15). Defendant has said just the opposite. (Johnson Dec. ¶ 9). Courts have recognized that "access to proof" in these types of cases is often best served if venue lies in the district encompassing defendant's headquarters. *Glass*, 456 F. Supp. 2d at 503 (finding ease of access to proof facilitated by transfer to district encompassing defendant's headquarters) *citing In re: Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 396-97 (S.D.N.Y. 2006) (same); and cases cited in Def. Br. p. 15. Obviously, this proof lies in North Carolina.

### CONCLUSION

For the reasons set forth above and in Defendant's initial brief, the Court should grant Defendant's motion and transfer this action to the Middle District of North Carolina.

Dated: January 28, 2008

LITTLER MENDELSON, P.C.
885 Third Avenue, 16th Floor
New York, New York  10022-4834
212.583.9600

By: /s/ David M. Wirtz
    David M. Wirtz
    dwirtz@littler.com

Andrew J. Voss, Esq.  (Minnesota Bar No. 241556)
Shirley Lerner (Minnesota Bar No. 151245)
applications to appeal *pro hac vice* forthcoming
Littler Mendelson, P.C.
1300 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402
Tel:  (612) 630-1000
Fax: (612) 630-9626
avoss@littler.com		COUNSEL FOR DEFENDANT ECOLAB INC.

- 10 -

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of January, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants identified below.

Adam T. Klein (atk@outtengolden.com)

Dan Charles Getman (dgetman@getmanlaw.com)

Jack A. Raisner (jar@outtengolden.com)

Justin Mitchell Swartz (jms@outtengolden.com)

Matthew Thomas Dunn (mdunn@getmanlaw.com)

Michael J.D. Sweeney (msweeney@getmanlaw.com)

Tara Margo Bernstein (tbernstein@getmanlaw.com)

Rachel Megan Bien (rmb@outtengolden.com)

/s/ David M. Wirtz
David M. Wirtz

Firmwide:84070750.2 057118.1006