# EXHIBIT C

# TO

# DECLARATION OF ANDREW J. VOSS

In Support of Defendant's Reply Brief in Support of its Motion to Transfer Venue and Consolidate Certain Plaintiffs with First-Filed Action

Re: <u>Clark v. Ecolab, Inc.</u>
    Court File No. 07-CV-8623 (DLC)

LEXSEE 2004 U.S. DIST. LEXIS 1328

**BLACK DIAMOND SPORTSWEAR, LTD, Plaintiff v. BLACK DIAMOND EQUIPMENT, INC., Defendant**

Docket No. 1:03-cv-278

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF VERMONT

2004 U.S. Dist. LEXIS 1328

February 2, 2004, Decided

**SUBSEQUENT HISTORY:** Motion granted by *Black Diamond Sportswear, Inc. v. Black Diamond Equip., Ltd.*, 2006 U.S. Dist. LEXIS 47204 (D. Vt., July 12, 2006)

**DISPOSITION:** [*1] Defendant's motion for stay granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant filed a declaratory judgment action in the United States District Court for the District of Utah. Subsequent to defendant's Utah filing, plaintiff filed the instant action. Both the Utah action and this case involved the same parties contesting the use of a certain trademark. Plaintiff challenged jurisdiction in Utah. Defendant moved to stay all proceedings pending a resolution of the jurisdictional question in Utah.

**OVERVIEW:** Defendant also moved to transfer the instant action to the District of Utah. Since plaintiff had challenged jurisdiction in Utah, the parties agreed that the instant court should abstain from ruling on defendant's motion to transfer until the district court in Utah determined whether that action would go forward. Plaintiff, however, did not agree to stay all proceedings. The instant court determined that staying all proceedings, including discovery, until after resolution of the transfer issue was consistent with the long-standing policy in the circuit favoring the litigation of related claims in the same tribunal in order that pretrial discovery could be conducted more efficiently and parties and witnesses could save time and expense and avoid inconsistent results. The fact that resolution of the motion to transfer could dispose of the entire case militated in favor of staying discovery pending resolution of that motion, which both parties agreed should come only after the Utah court determined whether the first-filed case should proceed.

**OUTCOME:** Defendant's motion to stay proceedings pending resolution of motion to transfer was granted, and its motion for protective order was granted.

**LexisNexis(R) Headnotes**

*Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview*
[HN1] As part of its general power to administer its docket, the court recognizes its ability to stay a suit that is duplicative of another federal suit. In addition, when cases involving the same parties and issues have been filed in two different districts, the second district has the discretion to stay the second case in the interest of efficiency and judicial economy.

*Civil Procedure > Discovery > General Overview*
*Civil Procedure > Pretrial Matters > Conferences > Pretrial Orders*
*Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview*
[HN2] It is common for district courts to stay discovery when resolution of a preliminary matter may dispose of the entire case.

**COUNSEL:** For Black Diamond Sportswear, Inc, PLAINTIFF: Andrew D Manitsky, Esq, Gravel and Shea, Burlington, VT USA.

For Black Diamond Sportswear, Inc, PLAINTIFF: James G Goggin, Esq, Peter S Black, Esq, Verrill & Dana, Portland, ME USA.

For Black Diamond Equipment, Ltd, DEFENDANT: Carl H Lisman, Lisman, Webster, Kirkpatrick & Leckerling, PC, Burlington, VT USA.

For Black Diamond Equipment, Ltd, DEFENDANT: Richard S Luskin, Esq, Malibu, CA USA.

For Black Diamond Equipment, Ltd, COUNTER-CLAIMANT: Carl H Lisman, Lisman, Webster, Kirkpatrick & Leckerling, PC, Burlington, VT USA.

For Black Diamond Equipment, Ltd, COUNTER-CLAIMANT: Richard S Luskin, Esq, Malibu, CA USA.

For Black Diamond Sportswear, Inc, COUNTER-DEFENDANT: Andrew D Manitsky, Esq, Gravel and Shea, Burlington, VT USA.

For Black Diamond Sportswear, Inc, COUNTER-DEFENDANT: James G Goggin, Esq, Peter S Black, Esq, Verrill & Dana, Portland, ME USA.

**JUDGES:** J. Garvan Murtha, U.S. District Judge.

**OPINION BY:** J. Garvan Murtha

**OPINION**

*RULING ON DEFENDANT'S MOTIONS TO STAY PROCEEDINGS AND FOR* [*2] *PROTECTIVE ORDER*

(Papers 16 & 19)

*BACKGROUND*

Defendant Black Diamond Equipment ("BD Equipment") filed a declaratory judgment action in the United States District Court for the District of Utah on August 13, 2003. Subsequent to BD Equipment's Utah filing, Plaintiff Black Diamond Sportswear ("BD Sportswear") filed this action on October 15, 2003. Both the Utah action and this case involve the same parties contesting the use of the "Black Diamond" trademark. Consequently, BD Equipment has moved to transfer this case to the District of Utah.

Since BD Sportswear has challenged jurisdiction in Utah, the parties agree this Court should abstain from ruling on BD Equipment's motion to transfer until the district court in Utah determines whether that action will go forward. (*See* Paper 13, pp. 5-6; Paper 20, p. 2) Accordingly, BD Equipment filed a motion to stay all proceedings pending a resolution of the jurisdictional question in Utah and the subsequent ruling by this Court on the transfer motion. (*See* Paper 19) BD Equipment also filed a motion for protective order delaying all pretrial depositions and discovery until this Court has ruled on the pending motion to transfer. [*3] (*See* Paper 16)

While BD Sportswear agrees this Court should not rule on the motion to transfer at this time, it does not agree to stay all proceedings. (*See* Paper 24, p. 1)

*DISCUSSION*

[HN1] As part of its general power to administer its docket, this Court recognizes its ability to stay a suit that is duplicative of another federal suit. *See Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir. 2000). In addition, when cases involving the same parties and issues have been filed in two different districts, the second district has the discretion to stay the second case in the interest of efficiency and judicial economy. *Cedars-Sinai Med. Ctr. v. Shalala,* 125 F.3d 765, 768 (9th Cir. 1997).

In opposition to BD Equipment's motions, BD Sportswear cites *Kron Med. Corp. v. Groth,* in which a district court refused to stay discovery pending resolution of a motion to transfer. *See* 119 F.R.D. 636, 637-38 (M.D.N.C. 1988). *Kron,* however, is distinguishable because here the presence of a first-filed suit in Utah, the validity of which would likely result in transfer of this action, increases the possibility of different courts rendering [*4] inconsistent rulings.

Staying all proceedings, including discovery, until after resolution of the transfer issue is consistent with the long-standing policy in this Circuit favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently and parties and witnesses can save time and expense and avoid inconsistent results. *See Wyndham Assocs. v. Bintliff, A.G.,* 398 F.2d 614, 619 (2d Cir. 1968). Moreover, [HN2] it is common for district courts to stay discovery when resolution of a preliminary matter may dispose of the entire case. *See, e.g., Ass'n Fe Y Allegria v. The Republic of Ecuador, et al.,* 1999 U.S. Dist. LEXIS 4815, 1999 WL 147716, *1 (S.D.N.Y. March 16, 1999). The fact that resolution of the motion to transfer may dispose of this entire case militates in favor of staying discovery pending resolution of that motion, which both parties agree should come only after the Utah court determines whether the first-filed case should proceed.

*CONCLUSION*

BD Equipment's Motion to Stay Proceedings Pending Resolution of Motion to Transfer is GRANTED, and its Motion for Protective Order is GRANTED. [*5] Counsel for both parties shall inform the Court in writing within 14 days of the decision regarding jurisdiction of the United States District Court for the District of Utah.

SO ORDERED.

Dated at Brattleboro, Vermont this 2nd day of February, 2004.

J. Garvan Murtha, U.S. District Judge