# EXHIBIT D

# TO

# DECLARATION OF ANDREW J. VOSS

In Support of Defendant's Reply Brief in Support of its Motion to Transfer Venue and Consolidate Certain Plaintiffs with First-Filed Action

Re: <u>Clark v. Ecolab, Inc.</u>
    Court File No. 07-CV-8623 (DLC)

LEXSEE 1976 U.S. DIST. LEXIS 16289

The Regents of the University of California, et al. v. Howmedica, Inc.

No. 75-1174

United States District Court for the District of Maryland

1976 U.S. Dist. LEXIS 16289; 23 Fed. R. Serv. 2d (Callaghan) 260

Mar. 5, 1976

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant corporation filed a motion to dismiss for improper venue, pursuant to Fed. R. Civ. P. 12(b), or to transfer, pursuant to 28 U.S.C.S. 1404(a), in a patent infringement case by plaintiffs, an assignee and licensee.

**OVERVIEW:** The patent assignee and licensee filed suit in Maryland against the corporation, which they alleged had infringed upon their patent. The Delaware corporation had places of business in New York and New Jersey. The corporation filed a motion to dismiss for improper venue, or to transfer. The court granted the motion to transfer. While the motion to transfer was pending, plaintiffs filed a motion to amend its complaint to add a party based in Maryland. The court found the only contact with Maryland was that the third party that plaintiffs sought to add sold one of the patented devices in Maryland. The court found that contact insufficient to justify venue in Maryland. Further, it appeared that the only involvement of the third party, the sale, was insufficient to justify its presence in this patent infringement case.

**OUTCOME:** The court granted the corporation's motion to transfer the patent infringement case.

**LexisNexis(R) Headnotes**

*Civil Procedure > Venue > Multiparty Litigation*
*Patent Law > Jurisdiction & Review > Personal Jurisdiction & Venue > General Overview*
*Patent Law > Ownership > Conveyances > Assignments*
[HN1] *28 U.S.C.S. § 1400(b)*, provides as follows: Any civil action for patent infringement may be brought in any judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

*Patent Law > Infringement Actions > Infringing Acts > Make*
*Patent Law > Infringement Actions > Infringing Acts > Sale*
*Patent Law > Infringement Actions > Infringing Acts > Use*
[HN2] By the terms of *35 U.S.C.S. § 271(a)*, a person who makes, uses or sells any patented invention infringes the patent.

*Civil Procedure > Venue > Multiparty Litigation*
[HN3] Doubt as to venue is a consideration in deciding whether an action should be transferred to a district where venue is certain.

*Civil Procedure > Venue > Federal Venue Transfers > Convenience Transfers*
[HN4] *28 U.S.C.S. § 1404(a)* provides as follows: For the convenience of the parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*Civil Procedure > Venue > Federal Venue Transfers > General Overview*
[HN5] The inconvenience of counsel is not ordinarily a factor in determining whether to transfer an action.

**COUNSEL:** [*1] Samuel Scrivener, Jr., and Scrivener, Parker, Scrivener & Clarke, both of Washington, D.C. (James Eyler, and Miles & Stockbridge, both of Baltimore, Md., of counsel) for plaintiffs.

Case 1:07-cv-08623-PAC    Document 53-5    Filed 01/28/2008    Page 3 of 5

Page 2
1976 U.S. Dist. LEXIS 16289, *; 23 Fed. R. Serv. 2d (Callaghan) 260

Stanton T. Lawrence, Jr., John E. Kidd, and Pennie & Edmonds, all of New York, N.Y. (Edmond Magee, and Piper & Marbury, both of Baltimore, Md., of counsel) for defendant.

**OPINION BY:** HARVEY

**OPINION**

Harvey, District Judge (orally).

Plaintiffs, the Regents of the University of California (hereinafter "Regents"), a California corporation, and the Wright Manufacturing Company (hereinafter "Wright"), a Tennessee corporation, have brought this patent infringement action against Howmedica, Inc. (hereinafter "Howmedica"), a Delaware corporation. The patent in suit relates to a type of total knee prosthesis assembly consisting of a tibia and a femur component. The Complaint alleges that the devices manufactured and sold by defendant's Orthopedic Division infringe the patent in suit, U.S. Patent No. 3,869,731, which issued on March 11, 1975. Regents is the assignee of the patent and Wright is the licensee. Plaintiffs allege that venue lies in this district under [HN1] *28 U.S.C. § 1400(b)*, which provides as follows:

[*2] "Any civil action for patent infringement may be brought in any judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Defendant Howmedica manufactures and sells various orthopedic and other medical devices. Defendant's principal place of business is New York, where its corporate offices are located, and defendant has a plant in New Jersey, where its devices are manufactured. Venue lies in Maryland, then, only if defendant has committed acts of infringement in the state of Maryland and defendant has a regular and established place of business here. Contending that it meets neither of these two qualifications, defendant has moved to dismiss for lack of venue and, in the alternative, has moved to transfer this action to the United States District Court for the District of New Jersey, since it is in New Jersey where defendant's Orthopedic Division manufactures and markets its Total Knee Prosthesis No. 6439.

After defendant filed its motion to dismiss or to transfer, plaintiffs filed a motion to amend their complaint to add as a defendant Surgical Specialties Instrument Company, [*3] Inc. (hereinafter "Surgical"), of Crofton, Maryland. Surgical and Howmedica are parties to a dealership agreement which provides that Surgical is responsible for providing sales and marketing services for defendant's orthopedic products in the State of Maryland, which has been assigned as a territory exclusively to Surgical. However, there is nothing in this agreement to indicate that Surgical is anything but an entity separate and apart from Howmedica, which has contracted to do business with Howmedica on the basis outlined in the agreement. Howmedica and Surgical are separate and independent corporations. The companies share no officers. Howmedica has no equity interest in Surgical. The reason asserted by plaintiffs for bringing Surgical into this action is that one of the acts of infringement alleged was the sale of one of defendant's accused devices by Surgical to the Washington Hospital Center in Washington, D.C.

Besides its arrangement with Surgical, Howmedica's contact with the State of Maryland is limited to advertising in national trade journals which enter the state and in brochures distributed at medical conventions and the maintainance of a small office in Silver [*4] Spring to handle correspondence and telephone communications for divisional area representative Frank Forcelli. There may also be an office in Annapolis. Mr. Forcelli's principal function is to provide educational services for and create interest in defendant's various orthopedic products in six states. No sales are made from the Silver Spring office or by this area representative in his visits to customers or dealers.

I

The venue motion: Whether venue is properly laid in this district is a close question. Howmedica's Silver Spring office satisfies the requirement of a regular and established place of business. But it is not entirely clear to the Court on the record here that the facts show that Howmedica has committed an act of infringement in this state. [HN2] By the terms of *35 U.S.C. § 271(a)*, a person who makes, uses or sells any patented invention infringes the patent. Plaintiffs contend that the one sale of the device referred to herein from Howmedica to Surgical was an infringement. However, it appears that that sale took place in New Jersey, since the product was shipped f.o.b. Rutherford, New Jersey.

Defendant has cited several cases suggesting that the word "sell" [*5] in *§ 271* should not be construed to import the commercial law definition of a sale as the passing of title from the seller to the buyer for a price. But even if the venue statute should not be narrowly construed, plaintiffs have not shown on the record here that the circumstances of this sale were such that the sale would be considered under applicable patent cases to have taken place in Maryland. See *Watsco, Inc. v. Henry Valve Co., 232 F.Supp. 38, 142 USPQ 219 (S.D.N.Y. 1964)*.

Plaintiffs' second contention, which is related to the first, is that Surgical's sale of one prosthesis, delivered to the Washington Hospital Center in the District of Co-

Case 1:07-cv-08623-PAC   Document 53-5   Filed 01/28/2008   Page 4 of 5

Page 3

1976 U.S. Dist. LEXIS 16289, *; 23 Fed. R. Serv. 2d (Callaghan) 260

lumbia, was a sale in Maryland. Applying ordinary commercial law, again, this sale would seem to have taken place in the District of Columbia. But, no matter where the sale took place, the relationship between Surgical and Howmedica is not such that this Court would be justified in imputing the act of Surgical to Howmedica. The two corporations are entirely separate and distinct entities, each acting on its own account and not as agent for the other.

Plaintiffs' third contention is that defendant induced infringement in Maryland [*6] by Surgical. See *35 U.S.C. § 271(b)*. In support of this contention, plaintiffs offer the affidavit of Ms. Elois Mason, an employee of the Washington Hospital Center, indicating that one day in early May, 1975, she telephoned Howmedica's Silver Spring office to order the total knee prosthesis which was ultimately purchased from Surgical. Ms. Mason asserts that she spoke to a Mr. Costell, a Howmedica employee from whom she had previously ordered Howmedica's products; Mr. Costell is said to have directed Ms. Mason to order the device from Surgical. It would appear doubtful that the act of referring a prospective customer to Surgical would be enough in itself to constitute inducement of Surgical to infringe plaintiffs' patent. Nor is it clear that the terms of the dealership agreement disclose an inducement of infringement any event, it is not necessary to decide this question. This Court has decided for the reasons stated hereinafter that the defendant's motion to transfer this case should be granted, the motion having been filed under *28 U.S.C., § 1404(a)*. What has been said indicates that the venue question here is open to some doubt, and it should be noted that [HN3] doubt as to [*7] venue is a consideration in deciding whether an action should be transferred to a district where venue is certain. *Phillips v. Baker, 121 F.2d 752, 50 USPQ 540 (9th Cir.), cert. den., 314 U.S. 688, 51 USPQ 547 (1941)*; *Clayton v. Swift & Co., 132 F.Supp. 154, 106 USPQ 35 (E.D.Va. (E.D. Va. 1955)*.

Venue would clearly lie in New Jersey where Howmedica's plant is located.

II

The motion to transfer: As an alternative to its motion to dismiss, defendant has moved the Court to transfer this action to the District of New Jersey, where defendant's plant is located. The pertinent statute, [HN4] *28 U.S.C. § 1404(a)*, provides as follows:

"For the convenience of the parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The factors to be considered with regard to a motion to transfer are discussed generally in *Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947)*, and more recently in *Akers v. Norfolk & Western Ry. Co., 378 F.2d 78 (4th Cir. 1967)*. Of course, it is the primary right of a plaintiff to choose his forum and his selection will not easily be overthrown. *Akers v. Norfolk* [*8] *& Western Ry. Co., supra.* Nevertheless, this Court has not hesitated to overturn such selection where the convenience of parties and witnesses dictates that the case should be transferred to another forum. *Bacon v. John Hancock Mutual Life Insurance Co., 317 F.Supp. 302 (D.Md. 1970)*; *John W. Johnson, Inc. v. Atlantic States Construction Co., 276 F.Supp. 379 (D.Md. 1967)*; *Morganstern v. Marriott-Hot Shoppes, Inc., 270 F.Supp. 75 (D.Md. 1967)*; *Paesch v. American Cyanamid Co., 257 F.Supp. 116 (D.Md.), af-f'd, 366 F.2d 756 (4th Cir. 1966)*. On consideration of the facts here, this Court concludes that the balance tips strongly in favor of defendant's application for a transfer. From the record here, it appears that no witnesses having opinions or knowledge of facts material and relevant to issues to be tried in this case reside in or near Maryland. The facts surrounding the one sale of a prosthesis alleged here can hardly be of any consequence in the resolution of the critical issues of validity and infringement insofar as Howmedica is concerned. Clearly, trial in New Jersey would be more convenient for defendant and its witnesses. Substantially all of defendant's activities in the [*9] development, manufacture, and marketing of its prosthetic device have occurred in that state. Almost all records and other documents and almost all of defendant's officers and other employees having knowledge relevant to such activities, are located in New Jersey or in New York City, a short distance from the United States District Court in Newark. Insofar as plaintiffs and their witnesses are concerned, it would make little difference whether this case were tried in Maryland or in New Jersey, for it appears that most of the plaintiffs' witnesses are located either near Memphis, Tennessee, or near Irvine, California.

Plaintiff Wright's plant is located in Tennessee. The original inventors are all from California and the Regents, of course, are also located in California. Representatives of both plaintiffs can just as conveniently fly to Newark as to Baltimore. The only contact this case has with the State of Maryland is the sale of one prosthesis by an independent distributor of defendant's products to a hospital located in D.C., an act which defendant claims was arranged by one of plaintiff's attorneys.

Plaintiffs contend that they chose this forum for good reasons, but [*10] the only specific reason they offer the Court is that the office of Wright's patent counsel is located in the District of Columbia, nearby. But *§ 1404(a)* speaks only in terms of the convenience of parties and witnesses. [HN5] The inconvenience of counsel is not ordinarily a factor in determining whether to trans-

Case 1:07-cv-08623-PAC    Document 53-5    Filed 01/28/2008    Page 5 of 5

Page 4

1976 U.S. Dist. LEXIS 16289, *; 23 Fed. R. Serv. 2d (Callaghan) 260

fer an action. *Solomon v. Continental American Life Ins. Co.*, 472 F.2d 1043 (3d Cir. 1973); *Medicenters of America, Inc. v. T and V Realty & Equipment Corp.*, 371 F.Supp. 1180 (E.D. Va. 1974). Travel expenses for plaintiffs and their witnesses would be only slightly more if the case were tried in New Jersey.

Under circumstances indicating that the parties to an action and the essential facts involved have minimal contact with this district, that defendant would be greatly benefited, and that plaintiff would suffer little or no inconvenience by transfer, this Court concludes that plaintiffs' choice of forum should not control.

For these reasons, defendant's motion to transfer this action to the District of New Jersey, pursuant to *28 U.S.C. § 1404(a)*, will be granted.

III

Plaintiff's motion to amend complaint to add a party: The Plaintiffs' motion for leave to amend [*11] the complaint, seeking to add a new party, was filed herein after defendant had filed its motion to dismiss or to transfer. Thus, in an apparent effort to strengthen its opposition to defendant's motion to transfer, plaintiffs seek to join Surgical as a defendant. This Court has not allowed the pendency of this motion to influence its ruling on the motion to transfer. See *Gould v. Cornelius Co.*, 258 F.Supp. 701, 151 USPQ 178 (N.D. Okla. 1966); *Aircraft Marine Products, Inc. v. Burndy Engineering Co.*, 96 F.Supp. 588, 89 USPQ 45 (S.D. Cal. 1951).

Clearly, Surgical is not a necessary party in a suit brought to enforce plaintiff's patent, for Surgical and Howmedica share no joint interest within the meaning of F.R.Civ.P. 119 (a). Evidence regarding Surgical's activities can have no bearing on the essential issues in dispute between the principal parties here, who are the assignee of the patent, the licensee and their competitor, Howmedica. Indeed, the presence of Surgical as a party here would do no more than detract from the efficient resolution of the principal issues of validity and infringement. Even if the Court were to permit the amendment adding Surgical as another defendant, [*12] it would, for the reasons previously stated, sever the claims and transfer the action against Howmedica to the District of New Jersey. At that point the most appropriate course of action would be to stay proceedings against Surgical here, since Surgical is only secondarily involved in the dispute. See *Leesona Corp. v. Cotwool Mfg. Corp.*, 308 F.2d 895, 135 USPQ 174 (4th Cir. 1962). If plaintiffs' claims have merit, plaintiffs would be able to obtain all the relief they require in their action against Howmedica. If plaintiffs do prevail in their suit against Howmedica, further proceedings against Surgical would probably be unnecessary. On the other hand, a result adverse to plaintiffs might well collaterally estop plaintiffs from proceeding against Surgical in a subsequent case based on the same claims. In either event, if plaintiffs were permitted to bring Surgical into litigation at the present time, Surgical would be needlessly put to the expense of appearing in this action and preparing a defense. Under such circumstances, justice does not require that plaintiffs be permitted to amend this particular complaint to bring Surgical in as another defendant. Rule 15(a), F.R.Civ.P. [*13] Nor is there any reason under Rule 20(a) why Surgical should now be joined as a defendant. As pointed out previously, the transaction or occurrence involving Surgical, which is relied upon by plaintiffs here, has very little to do with the essence of this infringement action. The common facts which plaintiffs refer to have nothing to do with the issues of validity and infringement. Quite clearly Surgical has been brought in to bolster plaintiffs' claim that the action should go ahead in this District.

So for all of these reasons, plaintiffs' motion for leave to add an additional party and file an amended complaint will likewise be denied.