USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-17-07

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MICHAEL CLARK, DAVID STARKMAN,
FRANCO DESIMONE, and JOHN DINISI,
individually and on behalf all others similarly
situated,

               Plaintiffs,

    v.

ECOLAB INC.,

               Defendant.

**No. 07 Civ. 8623 (PAC)**

---

TROY MASSON, individually and on behalf all
others similarly situated,

               Plaintiffs,

    v.

ECOLAB INC.,

               Defendant.

**No. 04 Civ. 4488 (PAC)**

---

JIMMY ENGLISH and WILLIAM
ZIMMERLEE, individually and on behalf all
others similarly situated,

               Plaintiffs,

    v.

ECOLAB INC.,

               Defendant.

**No. 06 Civ. 5672 (PAC)**

## [PROPOSED] ORDER GRANTING
## PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS
## SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS,
## APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, APPROVAL OF
## PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT, AND OTHER RELIEF

The above-entitled matters came before the Court on Plaintiffs' Motion for Preliminary

Approval of Class Settlement, Provisional Certification of the Settlement Class, Appointment of

Plaintiffs' Counsel as Class Counsel, Approval of Plaintiffs' Proposed Notice of Settlement, and

Other Relief ("Motion for Preliminary Approval") (Docket No. 82 → in 07 civ 8723.

## I.    Background and Procedural History

1.    The parties' proposed settlement resolves all claims in three separately filed

federal overtime lawsuits, *Clark v. Ecolab Inc.*, 07 Civ. 8623 (PAC) (the "*Clark Case*"); *English

v. Ecolab, Inc.*, 06 Civ. 5672 (PAC), *on appeal*, 08-1812 (2d Cir.) (the "*English Case*"); and

*Masson v. Ecolab, Inc.*, 04-Civ. 04488 (PAC) (the "*Masson Case*") (collectively the

"Litigation").

2.    The Plaintiffs in all three cases allege that Ecolab failed to pay workers overtime

compensation by misclassifying them as exempt employees under the Fair Labor Standards Act,

29 U.S.C. §§ 209 *et seq.* ("FLSA").  In the *Clark Case*, the Plaintiffs also allege violations of the

state wage and hour laws of California, New York, Oregon, and Washington.  The California

Plaintiffs in the *Clark Case* bring additional claims, including waiting time claims and break

claims, under California law.

### A.    The *Masson Case*

3.    On June 15, 2004, Plaintiff Troy Masson filed a collective action complaint under

29 U.S.C. § 216(b) in the U.S. District Court for the Southern District of New York, asserting

violations of the FLSA.  (Swartz Dec. ¶ 14.)  Masson was a former "Route Manager" or "Route

2

Sales Manager" (hereinafter "RSM") in Ecolab's Institutional Division. (*Id.*) He alleged that he and similarly situated RSMs were misclassified as exempt employees under the FLSA, and he sought recovery of overtime wages, attorneys' fees and costs, and liquidated damages. (*Id.*) In its Answer in the *Masson Case*, Ecolab disputed the material allegations and denied liability. (*Id.* at ¶ 15.) Ecolab asserted, among other defenses, that RSMs were "exempt" from receiving overtime pay. (*Id.*)

      4.     On March 2, 2005, Masson filed a Motion to Approve Collective Action Notice. (*Id.* at ¶ 16.) On April 18, 2005, Defendant filed a Motion for Summary Judgment. (*Id.*) In an Opinion and Order dated August 17, 2005 and modified on August 29, 2005, the Court granted Masson's Motion to Approve Collective Action Notice and denied Defendant's Motion for Summary Judgment. *See Masson v. Ecolab, Inc.*, 04 Civ. 4488, 2005 U.S. Dist. LEXIS 18022 (S.D.N.Y. Aug. 17, 2005). Nationwide notice in the *Masson Case* was mailed on September 28, 2005 to approximately 1,200 RSMs. (Swartz Dec. ¶ 17.)

      **B.**    **The *English Case***

      5.     On July 27, 2006, Plaintiff-Appellant Jimmy English filed a collective action Complaint under 29 U.S.C. § 216(b) in the U.S. District Court for the Southern District of New York, asserting violations of the FLSA. (*Id.* at ¶ 18.) An Amended Complaint was later filed adding William Zimmerlee as a named plaintiff. (*Id.*) Plaintiffs English and Zimmerlee were employed in Ecolab's Pest Elimination Division as Pest Elimination Service Specialists (hereinafter "Pest Service Specialists"). (*Id.*) Plaintiffs English and Zimmerlee alleged that they and similarly situated Pest Service Specialists were misclassified as exempt employees under the FLSA, and they sought recovery of overtime wages, attorneys' fees and costs, and liquidated damages, among other things. (*Id.*) In its Answer and Amended Answer in the *English Case*, Ecolab disputed the material allegations and denied liability. (*Id.* at ¶ 19.) Ecolab asserted,

among other defenses, that Pest Service Specialists were "exempt" from receiving overtime pay. (*Id.*)

6.  On November 15, 2006, Plaintiffs filed a Motion to Conditionally Certify a FLSA Collective Action. (*Id.* at ¶ 20.) On July 20, 2007, the parties filed cross-motions for summary judgment. (*Id.*) On March 28, 2008, the Court issued an Opinion and Order granting Defendant's motion for summary judgment and denying Plaintiffs' motion. *See English v. Ecolab, Inc.*, No. 06 Civ. 5672, 2008 U.S. Dist. LEXIS 25862 (S.D.N.Y. Mar. 28, 2008, as amended March 31, 2008). The Court denied Plaintiffs' Motion to Conditionally Certify a FLSA Collective Action as moot. *See id.* at *55. A Final Judgment closing the case was entered on April 3, 2008. (Swartz Dec. ¶ 20.)

7.  On April 16, 2008, Plaintiffs appealed the Final Judgment to the Court of Appeals for the Second Circuit (the "*English Appeal*"). (*Id.* at ¶ 21.) The *English Appeal* was fully briefed on October 6, 2008. (*Id.*) The *English Appeal* was then stayed for settlement negotiations from March 18, 2009 to May 12, 2009 and again on October 9, 2009. (*Id.*)

## C. The *Clark Case*

8.  On October 4, 2007, Michael Clark filed a lawsuit alleging a nationwide FLSA collective action and a Rule 23 class action on behalf of putative class members in California. (*Id.* at ¶ 22.) On December 4, 2007, Clark, Franco DeSimone, David Starkman, and John Dinisi filed an Amended Complaint and also alleged a Rule 23 class action on behalf of putative class members in New York, Washington, and Oregon. (*Id.*) Plaintiffs Clark and DeSimone were both employed as Territory Representatives ("TRs") for a subsidiary of Ecolab, Kay Chemical Company. (*Id.*) Plaintiffs Dinisi and Starkman were both employed as RSMs in Ecolab's Institutional Division. (*Id.*)

9.  In December 2007, Ecolab brought a motion to transfer venue and to sever the

4

RSM plaintiffs from the *Clark Case* and consolidate their claims in the *Masson Case*. (*Id.* at ¶ 23.) Plaintiffs opposed this motion.

10.     In its Answer, Ecolab disputed the material allegations and denied liability. (*Id.* at ¶ 24.) Ecolab asserted, among other defenses, that Plaintiffs were "exempt" from receiving overtime pay under various exemptions. (*Id.*)

11.     Ecolab continues to deny all liability in the *Masson Case*, the *English Case*, and the *Clark Case*.

## II.     Initial Procedural Issues

12.     The Court grants approval of the withdrawal of all Named Plaintiffs' and Opt-in Plaintiffs' consent-to-join forms from the *Masson Case* and the *English Case*. All Named Plaintiffs and current Opt-in Plaintiffs in the *Masson Case* and the *English Case* are deemed to be Opt-in Plaintiffs in the *Clark Case* for settlement purposes. All current Opt-in Plaintiffs whose consents are being withdrawn from the *Masson Case* and the *English Case* are deemed to have joined the *Clark Case* on the date on which they filed their consent-to-join form in the *Masson Case* or the *English Case*.

## III.     Preliminary Approval of Settlement

13.     Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement, the Declaration of Justin M. Swartz ("Swartz Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Swartz Declaration as Exhibit C.

14.     The Settlement Agreement creates a fund of $6,000,000 to settle the Litigation (Ex. C (Settlement Agreement) ¶ 5.1(A); Swartz Dec. ¶ 41.) The Fund covers class members'

5

awards, service payments, attorneys' fees and costs, administration fees and costs, and employer taxes. (Ex. C (Settlement Agreement) ¶ 5.1(A); Swartz Dec. ¶ 41.) None of the Fund reverts to Defendant. (Ex. C (Settlement Agreement) ¶ 5.1(D); Swartz Dec. ¶ 41.)

15. According to the allocation formula set forth in the Settlement Agreement, class members are allocated points based on the number of workweeks they were employed during the applicable limitations period and their job titles. (Ex. C (Settlement Agreement) ¶ 5.4(B); Swartz Dec. ¶ 47.) The claims administrator then will divide the total number of points for each class member by the total number of points for all Class Members. (Ex. C (Settlement Agreement) ¶ 5.4(B)(2)(ii); Swartz Dec. ¶ 47.) This will yield the percentage of the net settlement fund that each class member will receive. (Ex. C (Settlement Agreement); Swartz Dec. ¶ 47.) The claims administrator then will multiply each class member's portion of the net settlement fund by the net settlement fund to determine the amount to be paid to each class member. (Ex. C (Settlement Agreement) ¶ 5.4(B)(2)(iii); Swartz Dec. ¶ 47.)

16. The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In exercising this discretion, courts should give "proper deference to the private consensual decision of the parties." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002).

17. Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for class members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

6

18. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.25 (4th ed. 2002). To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980). If, after a preliminary evaluation of the proposed settlement, the court finds that it "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement. *Newberg* § 11.25.

19. The Court concludes that the proposed Settlement Agreement (including the allocation formula in the settlement agreement ("Allocation Formula")) is within the range of possible final settlement approval. Therefore, notice to the Class is appropriate.

20. The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

21. An experienced class action employment mediator, Hunter Hughes, assisted the parties with the settlement negotiations and presided over a two-day mediation. This reinforces the non-collusive nature of the settlement. *O'Dell v. AMF Bowling Ctrs., Inc.*, No. 09 Civ. 759, 2009 U.S. Dist. LEXIS 85954, at *3 (S.D.N.Y. Sept. 18, 2009).

## IV. Conditional Certification of the Proposed Rule 23 Settlement Class

22. Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re*

7

*GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995); *Westerfield*

*v. Washington Mut. Bank*, No. 06 Civ. 2817, No. 08 Civ. 287, 2009 U.S. Dist. LEXIS 54553

(E.D.N.Y. June 26, 2009) (conditionally certifying multi-state wage and hour settlement class

and granting preliminary approval to nationwide wage and hour settlement).

23.     The Court provisionally certifies the following class under Federal Rule of Civil

Procedure 23(e), for settlement purposes ("Settlement Class"):

> all individuals who worked as Institutional Route Manager or Route Sales
> Manager (collectively "RSM") for Defendant: (1) in California between October
> 4, 2003, and July 6, 2009; (2) in New York between December 4, 2001, and July
> 6, 2009; (3) in Oregon between December 4, 2004, and July 6, 2009; and (4) in
> Washington between December 4, 2004, and July 6, 2009.

24.     Defendant has agreed not to contest, for the purpose of achieving settlement only,

that the requirements for class certification under Federal Rule of Civil Procedure 23 have been

met. On that basis, Plaintiffs meet all of the requirements for class certification under Federal

Rule of Civil Procedure 23(a) and (b)(3). Subject to this qualification:

a.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there

are more than 300 Rule 23 Class Members and, thus, joinder is impracticable. *See Consol. Rail*

*Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a

level of 40 members.")

b.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because

Plaintiffs and the class members share common issues of fact and law, including whether

Defendant violated wage and hour laws by failing to pay overtime premium pay for hours

worked over 40 in a workweek, and failing to keep accurate records of time worked. *See Reyes*

*v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 U.S. Dist. LEXIS 45277, at *6 (S.D.N.Y. May 28,

2009).

c.      Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because

8

Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the class members' claims. *See Westerfield*, 2009 U.S. Dist. LEXIS 54553, at *7; *Reyes*, 2009 U.S. Dist. LEXIS 45277, at *6.

           d.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with class members. *See Toure v. Cent. Parking Sys.,* No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *18-19 (S.D.N.Y. Sept. 28, 2007); *Martens v. Smith Barney Inc.,* 181 F.R.D. 243, 259 (S.D.N.Y. 1998) ("[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status.") (internal quotations and citation omitted). Plaintiffs' counsel also meet the adequacy requirement of Rule 23(a)(4) because they have "an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area." *See Damassia v. Duane Reade, Inc.,* 250 F.R.D. 152, 158 (S.D.N.Y. 2008).

           e.     Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Reyes*, 2009 U.S. Dist. LEXIS 45277, at *7. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See id.* at *7-8; *Damassia*, 250 F.R.D. at 161, 164.

## V.    Appointment of Plaintiffs' Counsel as Class Counsel

        25.     The Court appoints Outten & Golden LLP and Getman & Sweeney, PLLC ("Plaintiffs' Counsel") as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia*, 250 F.R.D. at 165 (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential

claims in the action, ... counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, ... counsel's knowledge of the applicable law, and ... the resources counsel will commit to representing the class") (internal quotation marks omitted).

26. Plaintiffs' Counsel did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims. (Swartz Dec. ¶¶ 13-40.)

27. Outten & Golden LLP and Getman & Sweeney, PLLC are skilled and experienced employment class action lawyers. Both firms have extensive experience prosecuting and settling nationwide wage and hour class and collective actions. *See e.g.*, *Damassia*, 250 F.R.D. at 165 (appointing O&G as class counsel on the basis of its "experience[] in handing wage and hour class actions and ... knowledge of the applicable law"); *Ayers v. SGS Control Servs., Inc.*, No. 03 Civ. 9078, No. 06 Civ. 7111 (S.D.N.Y. Mar. 10, 2008) (finding that Getman & Sweeney lawyers "regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter") (Ex. B (Ayers Order).). The work that Plaintiffs' Counsel has performed both in litigating and settling these cases demonstrates their commitment to the class and to representing the class's interests.

**VI. Notices**

28. The Court approves the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Proposed Rule 23 Notice"), attached as Exhibit 1 to the Notice of Motion for Preliminary Approval of Class Settlement; the Notice of Proposed Settlement of Collective Action Lawsuit and Fairness Hearing ("Proposed FLSA Notice"), attached as Exhibit 2 to the Notice of Motion for Preliminary Approval of Class Settlement; and the Notice of Proposed Settlement of Class Action and Collective Action Lawsuits and Fairness Hearing ("Proposed

10

Rule 23 and FLSA Notice") (collectively with Proposed Rule 23 Notice and Proposed FLSA

Notice, "Proposed Notices to Class Members"), attached as Exhibit 3 to the Notice of Motion for

Preliminary Approval of Class Settlement.

29.     The content of the Proposed Rule 23 Notice and the Proposed Rule 23 and FLSA

Notice fully complies with due process and Federal Rule of Civil Procedure 23.

30.     Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual
> notice to all members who can be identified through reasonable effort. The
> notice must concisely and clearly state in plain, easily understood
> language: the nature of the action; the definition of the class certified; the
> class claims, issues, or defenses; that a class member may enter an
> appearance through counsel if the member so desires; that the court will
> exclude from the class any member who requests exclusion, stating when
> and how members may elect to be excluded; and the binding effect of a
> class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

31.     The Proposed Rule 23 Notice and the Proposed Rule 23 and FLSA Notice satisfy

each of these requirements and adequately put Rule 23 Class Members on notice of the proposed

settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y.

1993) (class notice "need only describe the terms of the settlement generally"). The Proposed

Rule 23 Notice and the Proposed Rule 23 and FLSA Notice are appropriate because they

describe the terms of the settlement, inform the class about the allocation of attorneys' fees, and

provide specific information regarding the date, time, and place of the final approval hearing.

32.     The Proposed FLSA Notice is reasonable and constitutes due, adequate and

sufficient notice to FLSA Collective Action Members.

## VII.  Class Action Settlement Procedure

33.     The Court hereby adopts the following settlement approval process, which

safeguards class members' procedural due process rights, enables the Court to fulfill its role as

11

the guardian of class interests, and is consistent with the standard procedure for evaluating class action settlements, *See* Fed. R. Civ. P. 23(e); *Newberg* §§ 11.22 *et seq.*; *Damassia v. Duane Reade*, No. 04 Civ. 8819, No. 04 Civ. 2295, 2009 U.S. Dist. LEXIS 77489 (S.D.N.Y. July 24, 2009) (granting final approval of class action settlement after preliminary approval, notice and fairness hearing):

    a.    Defendant provides the Claims Administrator with a list, in electronic form, of the names, last known addresses, and telephone numbers of all class members (the "Class List") within 5 days of this Order.

    b.    The Claims Administrator mails the Notices to FLSA Collective Action Members, Rule 23 Class Members, and Non-Participants within 7 days of this Order.

    c.    Rule 23 Class Members have 45 days after the date the Notices are mailed to submit a Claim Form and Release, opt out of the settlement, and/or object to the settlement.

    d.    The Court will hold a final fairness hearing on ___March 23, 2010___ . at ___2 pm___ at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, Courtroom 20C.

    e.    Prior to the fairness hearing, Plaintiffs will prepare and file a Motion for Final Approval of the Settlement, together with a motion seeking the payment of attorneys' fees, costs, and Service Payments.

    f.    If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal.

    g.    The settlement checks will be mailed to the FLSA Collective Action Members and Rule 23 Class Members by the Claims Administrator 3 days after the time to appeal the Final Approval Order and Judgment for Dismissal has expired.

    h.    The Court will retain jurisdiction over the *Clark Case* following the entry of the Judgment for Dismissal until 90 days after the end of the Acceptance Period (the 180 days that a class member has to sign and cash a Settlement Check). The Settlement Claims Administrator will notify the Court of the expiration of the Acceptance Period.

    i.    If a party appeals the Court's Final Order and Judgment, the Effective Date of Settlement shall be the day after all appeals are finally resolved.

Dated New York, N.Y.
November 17, 2009

12

So ordered

Paul A. Crotty
USDJ